HUMPHREVILLE COPPER CO. v. STERLING. See Case No. 6,872.

## Case No. 6,867.

### Ex parte HUMPHREY.

[2 Blatchf. 228.] [1]

Circuit Court, S. D. New York. June 9, 1851.

JUDICIARY ACT 1789—ATTENDANCE OF WITNESS—ATTACHMENT FOR CONTEMPT—AFFIDAVIT.

1. The 30th section of the judiciary act of September 24th, 1789 (1 Stat. 88), gives author-

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

ity to this court to compel witnesses to attend before a commissioner for examination de bene esse, in the same manner as to compel them to appear and testify in court. And, upon due proof of service of a subpoena upon a witness, requiring his attendance before a commissioner, and the certificate of the commissioner that the witness did not attend before him, it is proper that an attachment should issue against the witness.

[Cited in Re Dunn, Case No. 4,173; U. S. v. Tilden, Id. 16,522.]

2. But that statute does not apply to a witness who is casually absent from home, although he is found at a place more than one hundred miles from the place of trial of the cause, unless he is about going to sea, or is aged, infirm, &c.

3. Where an attachment is issued against such a witness, the question of the authority of the commissioner and of the regularity of the proceedings before him, is properly brought before the court by affidavit.

William S. Humphrey was brought before this court upon a writ of attachment issued against him, for his refusal to obey a subpoena from this court, requiring him to appear and testify before a United States commissioner in the city of New-York, under the 30th section of the judiciary act of 1789 (1 Stat. 88), as a witness de bene esse in a suit pending in the circuit court for the district of Massachusetts. The witness had been duly subpoenaed and had failed to attend. But it also appeared, by his own affidavit, that he resided in Massachusetts, about fifty miles from Boston, and was temporarily in New-York on business, and purposed returning to his family and place of residence within a few days.

Seth P. Staples objected, that the witness could not be compelled to appear before the commissioner to give his deposition; but that the proper course was to take his testimony on commission.

George Gifford, contra.

BETTS, District Judge. The 30th section of the judiciary act of 1789 gives authority to this court to compel witnesses to attend before a commissioner for examination de bene esse, in the same manner as to compel them to appear and testify in court. And, upon due proof of service of a subpoena upon a witness, requiring his attendance before a commissioner, and the certificate of the commissioner that the witness did not attend before him, it is proper that an attachment should issue against the witness. But that statute does not apply to a witness who is casually absent from home, although he is found at a place more than one hundred miles from the place of trial of the cause, unless he is about going to sea, or is aged, infirm, &c. In the present case, the contempt of court imputed to the witness in disobeying the subpoena is purged. He could not rightfully be subjected to an examination de bene esse under the statute. The question of the authority of the commissioner and of the regularity of the proceedings before him,

is properly brought before the court by affidavit, and the witness must be discharged from the attachment.