[No. 2,276.]

## LOUIS SEIGEL *v.* FRANCIS F. EISEN AND GEORGE EISEN, DOING BUSINESS UNDER FIRM NAME OF "EISEN BROTHERS."

NEGLIGENCE, CONTRIBUTING TO INJURY.—The fact that plaintiff was standing on the rear platform of a street car, with his hand on the railing, when his hand was injured by defendants' dray, as it passed the rear of the car, is not, as a matter of law, such negligence as contributes to the injury.

QUESTION FOR THE JURY.—The question whether the collision by which the injury was caused could have been avoided by proper care, is a question of fact for the jury.

COLLISION CAUSED BY NEGLIGENCE.—In an action to recover damages caused by defendants' dray running against a street car, the fact that the collision would not have occurred except for the slipping of the wheels of the dray on the iron track does not conclusively repel the imputation of negligence.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

Action brought to recover damages for injury to the person of plaintiff, alleged to have been caused by the agent of defendants, while engaged in defendants' business, by carelessly and negligently driving defendants' dray against the person of the plaintiff, who at that time was standing on the platform of a street car, as a passenger. Judgment was rendered for plaintiff. Defendants moved for a new trial, the Court denied the motion, and defendants appealed from the judgment and from the order of the Court denying the motion for a new trial.

The other facts are stated in the opinion.

*Henry E. Heighton,* for Appellants.

The complaint itself, and the evidence on the part of the respondent, show that the respondent's negligence caused, or at least contributed to the injury complained of, and the allegation of negligence upon the part of the servant of appellants was not only unsustained by testimony but was completely disproved when the case for respondent was closed. The motion for a nonsuit, therefore, should have been granted. (*Kelly* v. *Cunningham,* 1 Cal. 366, 367; *Innis* v. *The Steamer Senator,* 1 Cal. 460, 461; *Richmond* v. *Sac. Valley R. R. Co.,* 18 Cal. 353; *Richardson* y. *Kier,* 34 Cal. 75; *Gay* v. *Winter,* 34 Cal, 163, 164.)

*James Nichols,* for Respondent.

The defendants are liable in law for injuries sustained by the negligence of their servant. Thus, if a servant, in the course of his master's business, negligently drive his cart against the carriage of another person, by which he is injured in his person or his property, the master is liable. A very slight degree of negligence is sufficient. (Cowen's Treatise, 4th ed., 1861, Secs. 383–486.)

By the Court, RHODES, C. J.:

The Court cannot pronounce, as matter of law, that the conduct of the plaintiff, in standing on the rear platform of the street car and steadying himself by holding the rail of the platform, was contributory negligence—that it contributed proximately to the injury inflicted on his hand by the wheel of the defendants' dray, which was passing along the rear of the car.

The question whether the defendants' drayman could, by proper care, have avoided the collision between the dray and car, is a question of fact for the jury. His testimony that the collision would not have occurred, except for the slipping of the wheels of the dray on the track, does not conclusively repel the imputation of negligence. The railroad track was higher than the street, and in crossing the track in the manner he did the wheels of his dray would almost necessarily slip on the track; and if the jury believed from the evidence, that he knew or could readily have seen the condition of the track, and that he did not take proper precaution in crossing the track with his dray, they were justified in finding the negligence imputed to him.

We see no substantial error in the charge to the jury.

Judgment affirmed.

Mr. Justice SPRAGUE did not express an opinion.