108 U.S. 288
 2 S.Ct. 555
 27 L.Ed. 726
 FARLOW, Receiver, etc.,
v.
KELLY.
 April 16, 1883.
 
 While the Cincinnati, Sandusky & Cleveland Railroad was being operated by John S. Farlow, a receiver appointed by the circuit court of the United States for the northern district of Ohio, in a suit for the foreclosure of a mortgage on the road, Sylvanus Kelly, a passenger on the of the trains, was injured by the collision of a car in which he was riding with a freight car standing on a side track. Kelly thereupon petitioned the circuit court for leave to sue the receiver in the court of common pleas of Sandusky county, Ohio, to recover for the injuries he had sustained. This was denied. He then asked leave to file his complaint against the receiver in the suit for foreclosure. This was granted, and the receiver ordered to make his defense. Kelly thereupon filed in the circuit court his complaint, in which he set forth his claim growing out of the alleged carelessness and neglect of the receiver and his agents, and prayed that an inquiry might be had as to the amount of his damages and the receiver ordered to pay the same. The receiver answered, denying that the injury* complained of was occasioned by his negligence, or that of his servants or agents, and averring that it was 'caused by the negligence and want of care by the said Sylvanus Kelly in improperly exposing himself to injury while riding on said car, by so placing his arm in an open window of said car that it projected outside thereof, and thereby came in contact with said standing car.' After the issue was thus made up, the matter was referred to a special master, on the application of Kelly, 'to hear the matters set forth in said complaint, answer, and replication, and such evidence as the parties may offer relevant and pertinent to the issues therein made, and determine and report whether, under the law, the said receiver is liable for the injuries complained of by the said Sylvanus Kelly; and, if so, the amount of compensation which said Sylvanus Kelly shall be entitled to receive for the same; * * * and that he report his findings, together with the evidence and costs of his proceedings, to this court as soon as possible, at the January term thereof.' Under this order the master heard the case and reported in substance the following facts:
 Bellefontaine is a station on the line of the road at which passenger trains stop and pass each other. Immediately south of the town is a side track of about 1,000 feet in length, with a switch at each end, uniting it with the main track. This side track has a descending grade from north to south of about four feet in the whole distance of one thousand. On the morning of the twenty-third of August, 1877, three freight cars were standing on the side track, two of them near the north switch, and one about 135 feet from the south switch. Kelly was a passenger on a passenger train going north on the road that day, and had a seat about midway of the car near an open window. Having a severe headache, shortly before the train reached the south end of the side track he placed his right elbow on the sill or base of the open window and rested his head on his right hand. The train on which he rode was to pass another going south at Bellefontaine about noon of the day. The train going south arrived at the north end of the side track about 20 minutes before that on which Kelly was riding reached the south end.
 The train from the north was switched from the main track onto the side track at the north end, and to make room for itself pushed the two freight cars southward, putting them in motion toward the south end of the side track on the down grade. The brakes on the freight cars were not attended to, and the impulse given them by the incoming train caused them to move the single car standing near the south end of the side track to a point so near the main track that the train from the south could not pass without contact. This freight car remained in that position from five to ten minutes before the train from the south arrived. While the freight car stood in this dangerous proximity to the main track, the train from the south came up at more than ordinary speed, and the forward right-hand corner of the coach in which Kelly was riding struck the freight car and jarred his elbow from the window sill, outward over the window sill and outside of the car, bringing his forearm in contact with the freight car, while his arm above the elbow was pressed against the side of the window. The train in which Kelly was riding being in motion, his arm was crushed and broken below and above the elbow in such a manner as to require amputation near the shoulder.
 As conclusions of law from these facts, the master found that there was negligence in the management of the railroad in allowing the freight car to stand so near the main track when the train from the south came up, and in not keeping the train from the south under control as it approached the station. He also found that Kelly was not in fault under the circumstances for resting his elbow on the sill of the open window. To this report exceptions were filed by the receiver, (1) because the master found as a fact that the elbow of Kelly rested on the sill or base of the window until it was thrown outside by the force of the collision; and (2) because he found as a conclusion of law that it was not an act of negligence for Kelly to ride with his elbow on the sill of the open window. The court overruled the exceptions and ordered the receiver to pay Kelly for his damages the sum of $5,000. From this order an appeal was allowed by Mr. Justice SWAYNE, at that time a justice of this court and assigned to the sixth circuit, which includes the northern district of Ohio.
 S. A. Bowman, for appellant.
 R. P. Buckland, for appellee.
 WAITE, C. J.
 
 
 1
 The questions argued here are those presented by the exceptions below. After examining the testimony reported by the master, we are entirely satisfied with his findings of fact. There can be no doubt whatever of the culpable neglect of the managers of the road in leaving the freight car to stand on the side track so near the main track as to make a collision with the approaching train from the south inevitable, and in our opinion it was not contributory negligence for Kelly, under the circumstances, to ride with his elbow on the sill of the open window.
 
 
 2
 The judgment is affirmed.