## RANDALL *v.* VENABLE.

*(Circuit Court, W. D. Texas.   1883.)*

1. DISTRICT AND CIRCUIT COURT—RULES AS TO TAKING TESTIMONY.
    Congress has not conferred power upon the district and circuit courts of the United States to make rules touching the mode of taking testimony.
2. SAME—DEPOSITIONS TAKEN ACCORDING TO STATE LAW.
    Depositions taken according to the mode prescribed by the statutes of a state, for the taking of depositions are not admissible in evidence, in a circuit court of the United States, when the state law governing the same conflicts with the provisions of the act of congress in relation thereto.

Motion to Suppress Depositions.
*A. J. Evans*, for motion.
*Walton & Hill*, opposed.

TURNER, J. These depositions were taken according to the mode prescribed by the statutes of this state, and the motion is based upon the proposition that such mode of taking is not lawful in the courts of the United States. In opposition to the motion it is contended (1) that section 914 of the Revised Statutes authorizes it; and (2) that section 918 authorizes the several circuit and district courts to make rules, etc., and regulate their own practice as may be necessary or convenient, etc.; and (3) that this court has, by virtue of the power given, adopted the mode prescribed by the state statutes for the taking of depositions in this court. In 1872 there were certain rules adopted and entered of record in this court. Rule No. 1 reads: "The mode of proceeding prescribed by the laws of Texas, where they do not conflict with the laws of the United States, or a rule of the supreme court of the United States, or of this court, are adopted." Rule No. 15 "provides commissions to take examination of witnesses and depositions, and all testimony in a cause may be taken in the manner and subject to the regulations, so far as they are applicable, *mutatis mutandis*, prescribed by the laws of Texas." I will first consider these rules. It is evident that it was not thought that by rule No. 1 provision had been made for taking depositions. The terms used, however, are: "Proceedings prescribed by the laws of Texas." If this was thought sufficient, then rule No. 15 was unnecessary. What does rule 15 undertake to do? I answer, nothing affirmatively. The depositions must be taken subject to the regulations, and (*mutatis mutandis*) the necessary changes being made. What regulations, and what are the necessary changes? I answer the provisions of the United States statute, viz., sections 863 and 866. This last section provides that a *dedimus potestatem* may issue when it becomes necessary to prevent a failure or delay of justice, and the necessity must be made to appear to the court. A commission is not granted to any and all litigants, but it only issues when the necessity is made to appear. This is one necessary change. By the laws of Texas depositions may be taken in any county, even in the county where the suit is pending, without reference to the distance from the place of trial. Will it be said that depositions may be taken to be read in the federal courts, where the witness resides within 100 miles of the place of trial? I think not. This, then, is another necessary change. Others could be suggested, but it is not deemed necessary. The law of congress, section 861, provides that "the mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided."

Section 862 provides for the mode of proof in cases of equity and admiralty, and provides that it shall be in accordance with the rules prescribed by the supreme court, except as therein specially provided for.

Then came the exceptions, sections 863 and 866, and these are the only exceptions in the statutes. So carefully did congress guard the rights of litigants to have the witnesses before the court and jury; and the value of this mode of eliciting evidence is understood by every practitioner.

It is urged that by virtue of section 918 this court was authorized to make rules, etc., and that under that authority this court has adopted rules Nos. 1 and 15, and that is sufficient for the purpose. Let us see what congress has done by way of conferring power to make rules touching the mode of taking evidence.

In section 917 authority is conferred upon the supreme court to prescribe from time to time the forms of writs and other process, the mode of framing and filing proceedings and pleadings, of taking and obtaining evidence, etc., in suits in equity and admiralty. In this section it will be noticed that the power to prescribe the mode of taking and obtaining evidence is specifically conferred, while in section 918, under which it is claimed the same power was conferred upon the district and circuit courts, all mention of the mode of taking and obtaining evidence is omitted, and this is the distinguishing feature in these two sections so far as granting of power is concerned.

I hold that congress thought it necessary, by specific mention, to grant the supreme court the power touching matters of evidence, and I conclude that congress did not believe the other terms would confer the power. Bearing this in mind, we will now look at the next section, viz., 918. This is the section that, it is contended, confers upon this court authority to make rules Nos. 1 and 15. The reply is, congress withheld the very power contended for; or, in other words, declined to give it, by leaving out of this section the words deemed necessary in the preceding section to confer this power upon the supreme court. We are not to assume that words of a statute are unnecessary; and if necessary to be used in section 917, these same words, or words of the same import, were necessary to confer the same power in section 918. I conclude that congress intended to confer a power upon the supreme court which they purposely withheld from the district and circuit courts. There was no necessity for any rules upon the subject; the law of section 861 had secured a valuable right, with the two exceptions provided for. It is again urged that section 914 gives the right; that this section was enacted in 1872, and was not a part of the law at the time sections 861, 863, and 866 were enacted. True, but since 1872 all the laws have been revised, and we have now the Revision of 1875, containing all those various sections, and they should be construed as one act. This section—914—provides that "the practice, pleadings, etc., in cases other than in equity and admiralty, shall conform, as near as may be, to the practice, pleadings, etc., of the state courts." It is claimed that the word "practice" is broad enough to include the mode and manner of taking depositions.

If this be so, then another exception has been added to section 861. Unless congress intended by the term "practice," as used in the law, to ingraft an additional exception upon section 861, it should not have that interpretation, as the taking of testimony by deposition is in derogation of common right.

This brings us again to the consideration of the word "practice," as used in the laws of congress. As has been stated, congress thought it necessary, when conferring power upon the supreme court to make rules governing the courts of admiralty and in equity causes, to not only confer the power to regulate the whole practice in those courts, but also by specific terms to provide that it might provide "the mode of taking and obtaining evidence in those courts." There was a necessity for this, as the law did not fully provide the mode and manner of so doing, and if the power to regulate the whole practice did confer the power contended for, then the specific power to "provide for the mode of taking and obtaining evidence," found in the same section, viz., section 917, was superfluous. I conclude, therefore, that the word "practice" does not confer the right contended for. And when, in this connection, we consider the provisions of section 918, where the word "practice" is used, that it has no larger signification than in the section immediately preceding it. And in section 918 the authority is not given to prescribe the mode of taking and obtaining evidence. I conclude, also, that the word "practice," as used in section 914, has no broader significance than when used in section 917 or 918. There is an obvious reason for this, as provision was made for the taking of evidence in the circuit and district courts, with the exceptions contained in sections 863 and 866.

What authority or control would this court have over a person as commissioner that it had not empowered to take the deposition? Could the courts of the United States punish a witness for perjury committed before an officer not authorized to take depositions to be used in the federal courts? The answer is furnished by the question. Uniformity in the mode and manner of taking evidence is desirable, and by proceeding under the act of congress this end is attained. On the other hand, the modes would be as different as the different state statutes upon the subject. In the case of *Bell* v. *Morrison*, 1 Pet. 351, in speaking upon the question of depositions, the court says, when evidence is sought to be admitted contrary to the rules of the common law, something more than a mere presumption should exist that it was rightfully taken.

Judge BLATCHFORD says, (see 14 Blatchf. C. C. 102:)

"It may well be doubted whether there is anything in section 914 which applies to the subject of the evidence of witnesses, either as to its character, competency, or the mode of taking it. The expression 'practice,' etc., is well satisfied without introducing in it the subject of evidence," etc.

The same view of the law is taken by Judge CHOATE, who succeeded Judge BLATCHFORD. See 4 FED. REP. 714. In the case of

*Sage* v. *Lousky,* Judge SWING holds the same doctrine. Other authorities might be cited that sustain this view of the question, but it is deemed unnecessary.

The statutes of the United States have provided for the mode and manner of taking depositions. In the case of *Connecticut Mutual Life Ins. Co.* v. *Schaefer,* (see 94 U. S. 458,) Mr. Justice BRADLEY says:

"The laws of the state are only to be regarded as rules of decision in the courts of the United States where the constitution, treaties, or statutes of the United States have not otherwise provided. When the latter speaks, they are controlling. * * * There can be no doubt that it is competent for congress to declare the rules of evidence which shall prevail in the courts of the United States, not affecting the rights of property; and when congress has declared the rules, the state law is silent."

I am not unmindful of the decision of Mr. Justice MILLER in the case of *Flint* v. *Bd. Com'rs,* 5 Dill. C. C. 481. This case arose in the state of Kansas, and the decision is very brief. The question in that case was whether the notice and certificates were sufficient. That is not the question here. The learned judge in that case remarks "that the act of 1872 is broad enough to sanction the practice, where the local regulations do not conflict with any special provision of the act of congress." This decision was made in the state of Kansas, and, in order to understand the import of the same, the laws of Kansas should be seen, in order to ascertain whether the point in question here could or did arise in the case referred to. By reference to the laws of Kansas, (see Revision of 1859, § 135, p. 353,) this section provides that "any court of record of this territory, or any judge thereof, is authorized to grant a commission to take depositions within or without the territory. The commission must be issued to a person or persons to be named therein."

So far, then, as the question now to be determined is concerned, it is sufficient to say that the laws of Kansas, like the laws of congress, provide that a commission to take depositions must be allowed by the court or a judge thereof; and the very point made here is that the *dedimus potestatem* must be applied for to the court before it could lawfully issue, and that the same must name the person who is the commissioner authorized to execute it, neither of which was done in the case now under consideration. It thus appears that the laws of Kansas are in exact accord with the laws of congress, and the decision of Justice MILLER in no manner conflicts with the views I entertain upon this subject. I have extended this opinion beyond what I otherwise should have done had it not been stated that different judges held different views upon this subject. This deposition is suppressed.

See *Sonstiby* v. *Keeley,* 11 FED. REP. 578, and note, 580.