## SCHNEIDER v. NEW ORLEANS & C. R. R.

(Circuit Court, E. D. Louisiana. March 8, 1893.)

No. 12,162.

STREET RAILWAYS—INJURIES TO PASSENGER—CONTRIBUTORY NEGLIGENCE.

    It is not negligence, per se, for a passenger in a street-railway car operated by electricity according to the "trolley" system to rest her arm upon the sill of an open window.

At Law. Petition by Mrs. Elizabeth Schneider against the New Orleans & Carrollton Railroad to recover damages for injuries sustained. On exceptions to the petition. Overruled.

E. Howard McCaleb, for plaintiff.
John M. Bonner, for defendant.

BILLINGS, District Judge. This case is submitted upon the petition and exception of no cause of action. The suit is for violation of defendant's obligation as a carrier, in not carrying plaintiff safely upon a car operated by electricity. She avers that she was injured by her arm coming in contact with a post erected by the defendant in connection with the new "trolley" system,—the alleged fault in the erection of the post being that it was placed too near the car; and an additional fault is alleged in the construction of the switch. The position taken by the defendant in the attempt to maintain its exception is that the plaintiff having averred in her petition that she rested her arm upon the window sill, the window being open, she has averred negligence. The cause of the accident seems to have been contact with the trolley post. The negligence of the defendant is charged to have been too close proximity of the post to the car, and a badly constructed switch, whereby the post came in contact with the plaintiff's arm. The averment of the plaintiff is as follows:

"That the weather was warm, and the windows in said car were raised and open when the petitioner got in and took her seat, and afterwards she rested her arm upon the window sill."

The defendant is averred to be a corporation operating a street railway through and over the streets of the city of New Orleans. The question presented by the exception is: Is it negligence, per se, for the plaintiff, who was a passenger upon a street-railway car, to rest her arm upon the sill of a window which was open?

It is not necessary to consider whether it would, in law, make any difference if the car had been a steam-railway car; for the authority upon which I shall decide the question was a decision where the injured party was a passenger upon the latter, and the passenger upon a street car would be held to certainly no greater degree of

caution. The supreme court of Louisiana have decided that it was not contributory negligence in a plaintiff who, when a passenger upon a street-railway car, "rested his arms upon the sill of an open window, out of which his elbow projected a few inches." Summers v. Railroad Co., 34 La. Ann. 139. It is to be observed that the Summers Case goes further than this case, for not only was the arm resting upon the sill, but the elbow projected a few inches. In Railway Co. v. Underwood, (Ala.) 8 South. Rep. 116, (page 117,) the cases are collated by the court, and the court are of opinion that the weight of authority is contrary to the Summers Case. The opinion in the Summers Case was delivered by one of the most learned judges who have sat on our supreme bench, Mr. Justice Fenner. It was with reference to street cars, and the ground of the decision is that street-railway companies were bound to know the habits of passengers; and where those habits were consistent with safety, provided the carrier had used the precautions usual and easily- possible, the indulgence of them on the part of passengers was not negligence, per se. When the contract for carriage is for transportation within the limits of a city, upon a street railway which lies wholly within the city, I am inclined to the opinion that the decisions of the supreme court of the state within which the city was situated are a rule of property, within the act of congress, and would be obligatory upon the courts of the United States, with reference to similar contracts arising within the state. But it is unnecessary for me to decide whether the Summers Case would conclude this court, because this case is not the Summers Case, as no protruding or projecting of the arm outside the window is averred, but simply the resting of the arm upon the sill. It is true there could not have been the injury which was caused by contact with the trolley post or pole unless the arm, at the time of the accident, protruded outside the window; but the substance of the plaintiff's petition is that her act consisted of, and was confined to, resting her arm upon the sill of an open window, and that the contact of her arm with the post was the result of the negligence of the defendant. Of course her arm must, at the time of the contact, have been extended outside of the window, to have encountered the post; but this causing of the thrusting out of the arm was contributed to by her only to the extent of rendering it possible by her resting it upon the sill. Under the doctrine of contributory negligence, as established by the supreme court of Louisiana, this would not be negligence. If the decisions of the state court of last resort are conclusive upon the federal courts upon this question, then the act of the plaintiff was not, per se, negligence.

If, on the other hand, the question as to the meaning of the contract for transportation or carriage on street cars within a city wholly within a state belongs to that class of questions which are to be viewed as general, and not local. then the supreme court of the United States seems to have decided the precise question presented by the exception, and to have held that the resting of the arm upon the window sill of an open window is not contributory negligence. Farlow v. Kelly, 108 U. S. 288, at page 289, 2 Sup. Ct. Rep. 555, at page 556, the case is stated:

"Kelly [the plaintiff] was a passenger, and had a seat near an open window. Having a severe headache, he placed his right elbow on the sill or base of the open window, and rested his head upon his hand. The forward right-hand corner of the coach in which Kelly was riding struck a freight car, and jarred his elbow from the window sill outward over the window sill, and outside the car, bringing his forearm in contact with the freight car."

At page 291, 108 U. S., and page 557, 2 Sup. Ct. Rep., the court say:

"In our opinion, it was not contributory negligence for Kelley, under the circumstances, to ride with his elbow on the sill of the open window."

I think this last case so closely resembles the case made by the petition here as to be undistinguishable from it. True, Farlow v. Kelly was a case arising on a steam-railway car; but, when there has been a distinction attempted between negligent acts of passengers on steam cars and those on horse cars, given acts of exposure on the part of the steam-car passenger are, in the words of Mr. Bishop, (Bish. Noncont. Law, § 1116,) "deemed the more recriminatory," on account of steam power being more difficult of control than horse power. The measure of negligence on the part of passengers in taking this or that position could not be more exacting on electric cars than upon steam cars. My conclusion, therefore, is that, whether the law of this case is to be derived from the decisions of the state or the United States supreme court, the exception must be overruled.