## SEELEY v. KANSAS CITY STAR CO.

(Circuit Court, W. D. Missouri, W. D. January 27, 1896.)

PRACTICE—DEPOSITIONS TAKEN IN STATE COURT.
Depositions taken to be used in an action in a state court, which has been discontinued, cannot be used in an action afterwards brought in a federal court between the same parties for the same cause of action, although the state practice allows depositions taken in a pending suit to be used in a renewed suit between the same parties for the same cause.

Leon Block, for plaintiff.
Wash. Adams and Beebe & Watson, for defendant.

PHILIPS, District Judge. The plaintiff heretofore brought suit against the defendant in the circuit court of Jackson county, Mo., for the same cause of action, in substance, for which she sues in the pending action in this court. During the pendency of the cause in the state court the defendant proceeded, under the state statute, to take depositions therein at various points named in the notices. It does not appear that the plaintiff appeared and cross-examined the witnesses. After the depositions were filed in the proper clerk's office, the plaintiff voluntarily dismissed her suit, and thereafter brought the present suit in this court. It does not appear that to this action the defendant has yet made answer, owing to the pendency of some dilatory motions. It has filed in the clerk's office of this court said depositions. The plaintiff moves to strike these depositions from the files for the reason that they were not taken in this proceeding, and in conformity with the federal statutes. The rule of practice in the state court, independent of any statute regulating the matter, would entitle the defendant, where the depositions were taken in a then pending suit between the same parties, with the opportunity of cross-examination, to file, and read in evidence in a renewed suit on the same cause of action, such depositions, after giving notice to the opposite party of the intention to so use the same. Tindall v. Johnson, 4 Mo. 113; Samuel v. Withers, 16 Mo. 532; Cabanne v. Walker, 31 Mo. 274; Parsons v. Parsons, 45 Mo. 265. But it is a well-settled rule of construction in the federal courts that, notwithstanding the provisions of section 914, Rev. St. U. S., conforming the proceedings in civil cases "as near as may be to the practice, pleadings and forms and modes of proceeding existing at the time in like cases in the courts of the state," the provisions of the state statute, and the usage which obtains in state courts, will not be followed in the federal courts either where they conflict with positive provisions of the federal statute, or where the latter prescribed the method of procedure in the given particular. King v. Worthington,

104 U. S. 44; Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724; Randall v. Venable, 17 Fed. 162. So, in the matter of the competency of witnesses, the mode of examination, the production and admissibility of evidence, the federal courts are not bound by the rules and usages that obtain in the state courts. Whitford v. Clark Co., 119 U. S. 523, 7 Sup. Ct. 306. Congress has legislated directly upon the subject of the mode of proof in the trial of actions at common law. Rev. St. U. S. § 861, declares:

"The mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided."

The only exception applicable to the case at bar is found in section 863, which provides that:

"The testimony of any witness may be taken in any civil cause pending in a district or circuit court by deposition de bene esse, when the witness lives at a greater distance from the place of trial than one hundred miles or is bound on a voyage to sea, or is about to go out of the United States, or out of the district in which the case is to be tried, and to a greater distance than one hundred miles from the place of trial, before the time of trial, or when he is ancient or infirm."

From these provisions it is observable that the prescribed mode of making proof through the testimony of witnesses must be by oral testimony in open court, with the exception that the witness' testimony may be taken in the cause at the time "pending in" the United States circuit court. It is furthermore to be observed that while, under the state statute and practice, such deposition may be taken, no matter where the witness lives at the time of the taking, and regardless of his intention or condition, as further provided in the section last above quoted, under the federal statute it can only be taken when the witness, at the time of taking, lives more than 100 miles from the place of trial, or is about to depart from the jurisdiction of the court, or is ancient and infirm. Curtis v. Railway Co., 6 McLean, 401, Fed. Cas. No. 3,501; Dreskill v. Parish, 5 McLean, 241, Fed. Cas. No. 4,076; Ex parte Humphrey, 2 Blatchf. 228, Fed. Cas. No. 6,867. Section 865, same statute, specifically prescribes where such deposition shall be filed, and that it shall remain under seal until opened in court. The only provision found in the federal statute authorizing the employment of depositions taken under a state statute for use in the state court is found in section 867:

"Any court of the United States may, in its discretion, admit in evidence in any cause before it any deposition taken in perpetuam rei memoriam, which could be so admissible in a court of the state wherein such cause is pending according to the laws thereof."

I have been unable to find an instance where a deposition taken inter partes, under the state practice, for use there, has been employed by either party in a trial in the federal courts, except in the instance authorized by said section 867. See McClaskey v. Barr, 47 Fed. 155. The court, in its opinion in that case (page 165), cites section 858, Rev. St., as authorizing the admission of the depositions. This is evidently a clerical error, as section 858, in such connection, applies to "the competency of witnesses," and not to the mode of

obtaining proof for the trial, which is prescribed in subsequent sections of the statute. It has heretofore been repeatedly held that depositions not taken in conformity with the provisions of said section 863 could not be read in evidence. And it was clearly not within the contemplation of the statute, as it was framed, taking sections 861 and 863 together, that depositions taken under a state statute, for use in the state court, could be admitted on a trial in the federal courts. While the manner of taking depositions in actions pending in the United States courts, both at law and in equity, in addition to the provisions and methods theretofore existing, has been extended by act of congress (27 Stat. 7) so as to permit a party to take them, "in the mode prescribed by the law of the state in which the courts are held," it goes only to the mode of taking, without in any degree touching or enlarging the limitations under which a deposition may be taken and used in the federal courts. Motion sustained.