McCORD v. ATLANTA AND CHARLOTTE AIR LINE RAILROAD CO.

(Filed December 15, 1903).

1. NEGLIGENCE—*Carriers—Railroads—Evidence.*

> The evidence in this action by a passenger for an injury to his arm
> from being struck by a mail pouch on a crane, warrants the
> instruction submitting the issue of a defect either in the con-
> struction of the mail crane or the hanging of the pouch.

2. NEGLIGENCE—*Presumptions—Carriers—Passengers.*

> Where a passenger on a train is injured by having his arm struck
> by a mail pouch on a·crane and the cause is not shown, the
> presumption is that the injury occurred by the negligence of
> the carrier.

3. NEGLIGENCE—*Damages—Passengers—Carriers.* ·

> The mere fact that a passenger has his arm extended beyond the
> line of the car does not bar a recovery if he is injured by an
> external object.

4. .VERDICT—*Setting Aside—New Trial—Trial—Evidence—Appeal.*

> The refusal of a trial judge to set aside a verdict because against
> the weight of evidence is not reviewable on appeal.

ACTION by David J. McCord against the Atlanta and
Charlotte Air Line Railway Company, heard by *Judge W.
H. Neal* and a jury, at July Term, 1903, of the Superior
Court of MECKLENBURG County. From a judgment for the
plaintiff the defendant appealed.

*McCall & Nixon,* for the plaintiff
*George F. Bason,* for the defendant.

CLARK, C. J.   The plaintiff had his arm knocked back
against the window-frame of the car in which he was travel-
ing as a passenger, and his arm broken in two places by the

mail pouch, which had been hung up by the side of the track at a flag station to be taken off by the succeeding train. The evidence of the plaintiff was that his hand was not over five inches outside the car, while the evidence for the defendant tended to show that it was much farther. The Court charged the jury: "If this mail pouch was hung up in the usual way and the plaintiff's hand was out of the window when the train passed, and the train could have been run by and not injured the person while the pouch was hanging in the usual way and at the proper distance from the passing train, it would not be negligence on the part of the railroad company. If the mail pouch was thirteen inches from the passenger train, there would not be negligence on the part of the railroad company. It is not negligence *per se* for a passenger to rest his arm on the window-sill of the car, with his hand like this, placing his arm on the window-sill and letting his forearm extend upward toward the top of the window, and showing his hand exposed about four or five inches outside of the window; but if the plaintiff put his arm out of the window twelve or thirteen inches, that of itself would be contributory negligence, and he would not be entitled to recover." This was a statement of the evidence as offered by the respective parties.

The first five exceptions are for instructions given at the request of the plaintiff, and the same point in all of them is substantially stated in the first exception, which is to the following charge given at the request of the plaintiff: "If the jury find that the mail crane at its station was improperly constructed or improperly located, or if they find that the mail pouch was improperly or insecurely hung thereon, so that the passing of the train caused it to vibrate back and forth towards the train or caused it to become unfastened, and by reason thereof it struck the plaintiff's hand and injured him, and if the jury find further that if the said mail pouch had

been properly secured on the said crane that it would not have so vibrated and would not have stricken the plaintiff, they should answer the first issue 'Yes' and the second issue 'No'."

The defendant's contention is that there was no evidence to justify this hypothesis being submitted to the jury. There was evidence that if the mail pouch had been properly secured on the crane it would not have vibrated and stricken the plaintiff's arm if it had not been more than four or five inches beyond the window-sill. There was no direct evidence that the mail pouch had not been properly hung or secured, but there was evidence that if not properly hung or secured it could be swung to and against the side of the passing car, injurying the plaintiff's arm, though within four or five inches of the car. The Judge properly told the jury that there was no evidence of a defective track or defective curves to cause a vibration of the train. So the question practically is narrowed down to this: if the arm was not more than four or five inches beyond the window it could not have been struck by the mail bag unless it was defectively hung or defectively secured.

When a passenger on a train is injured in this manner and the cause is not shown, the presumption is that the injury occurred by the negligence of the carrier. *Clerc v. Morgan* (La.), 90 Am. St. Rep. (1902), 319; *Laing v. Colder* (Pa.), 49 Am. Dec., 533. The passenger could not stop and examine the locality; he was in no condition to examine anything, and had been carried by the spot. He could not show how the bag was hung or how it was suspended. That was in the knowledge of the defendant's servants. If they had shown to the satisfaction of the jury that there was no defect in the suspension or fastening of the mail bag, the evidence being uncontradicted that if properly suspended and fastened it could not have broken the plaintiff's arm if not more than four or five inches beyond the window, it follows like the day

does the night that his arm was extended more than four or five inches beyond the window. On the other hand, the fact (as found by the jury) that the plaintiff's arm was crushed when not extended more than four or five inches from the line of the car, necessarily finds the bag was defectively hung or fastened, since the evidence is that in such case only could it have swung and struck the plaintiff's arm. The manner of the negligence is not of importance, but whether there was negligence; and the passenger being injured while on the car, the presumption of negligence arises from the breach of the contract of safe carriage. The Judge submitted the real point in the case to the jury when he told them that if the plaintiff casually or inadvertently put his hand out of the window not more than four or five inches and it was crushed by the mail bag, the company was negligent; otherwise, if he put his arm out twelve or thirteen inches, according to the defendant's contention, it was negligence in the defendant not to have a free space of four or five inches beyond the line of the car, and there being evidence that if the bag was hung thirteen inches from the line of the car it could not have swung in to hit the plaintiff's arm, unless the pouch was defectively hung or fastened, it was harmless error, if error, to tell the jury that though the pouch might have been thirteen inches, yet if it was so defectively hung or fastened as to swing in and strike an arm projecting only four or five inches from the car it was negligence.

If the plaintiff had known that the mail pouch was hanging there, and that the required distance for hanging the mail pouch was thirteen inches from the passing train, then his waiving his hand not more than four or five inches out of the window was not negligence on his part, while it was negligence for the defendant to so defectively hang or fasten the pouch that it could smash the plaintiff's arm back against

the car, when it was extended not more than said four or five inches out of the window.

As to the sixth exception, among the many cases in which it has been held that the mere fact that a passenger had his arm extended beyond the dead line of the window-sill of the car does not bar a recovery, are: *Clerc v. Morgan, supra,* and notes; *Laing v. Colder, supra; Kennard v. Railroad,* 21 Pa. St., 204; *Pondrom v. Railroad* (Ill.), 2 Am. Rep., 306; *Spencer v. Railroad* (Wis.), 84 Am. Dec., 758; Wharton Neg. Par., 362; Thompson Car. Pass. (Ed. 1880), 258; *Farlow v. Kelley,* 108 U. S., 288; *Curtis v. Railroad,* 6 McLean, 401; *Schneider v. Railroad,* 54 Fed. Rep., 466; 60 Fed. Rep., 210; *Seigel v. Easen,* 41 Cal., 109; *Railroad v. Williams,* 140 Ill., 275; *Railroad v. Gregory,* 58 Ill., 272, in which the plaintiff was stricken by a mail catcher; *Somers v. Railroad* (La.), 44 Am. Rep., 419, quoted and approved in *Kird v. Railroad,* 109 La., 525; 60 L. R. A., 727; *Dahlberg v. Railroad,* 32 Minn., 404; 50 Am. Rep., 585, quoting and approving Wharton Neg. Par., 362; Hutch Car., par. 659; Thompson Carriers, 258; Angel Carriers, par. 559; *Miller v. Railroad,* 5 Mo. App., 471; *Johnston v. Railroad* (Minn.), 44 N. W. Rep., 884; *Barton v. Railroad* (Mo.), 14 Am. Rep., 418; *Francis v. Steam Co.,* 114 N. Y., 380.

In *Cummings v. Railroad,* 166 Mass., 220, it is said: "A passenger riding with a part of his body projecting beyond the line of the car cannot be held as matter of law to be guilty of negligence, or to have assumed the risk of contact with things outside the car; and these questions are for the jury," citing *Dahlberg v. Railroad,* 32 Minn., 404; *Miller v. Railroad,* 5 Mo. App., 471; *Somers v. Railroad,* 34 La. Ann., 139; 44 Am. Rep., 419; and *Seigle v. Eisen,* 41 Cal., 109, and there are many others to the same purport.

That eminent lawyer and author, *Judge Seymour D. Thompson,* in his work on Negligence (1902), Vol. III, par.

2972, p. 435, reviewing the few decisions that hold it negligence *per se* for a passenger to let any part of his body extend beyond the base of an open window, says: "These outrageous decisions are tantamount to a license to railroad companies to construct their bridges and viaducts so as to leave a space of but three inches between them and the outer walls of the cars, notwithstanding the well-known habit of passengers of putting their elbows out to rest, or even putting their heads out for the purpose of observation. A doctrine so brutal is not deserving the least respect." He further says, Vol. III, par. 2973, p. 476: "The foregoing decision exhibits an obtuse brutality which is disgraceful to civilized jurisprudence. They amount to a license to railway carriers of passengers to erect the trusses of their bridges and the walls of their viaducts and to leave cars standing upon their side-tracks, so near to the outer walls of the passenger coaches when passing on their main tracks as to be brought in contact therewith by the usual oscillations, although by so doing the arms and even the heads of the passengers, who are not more than ordinarily cautious, are taken off."

The defendant moved to set aside the verdict because against the weight of evidence. The Judge refused, saying that if he had been a member of the jury he would not have found the issues in favor of the plaintiff, but as the jury had so found them he would let the verdict stand. The defendant excepted, but we think unadvisedly. The wisdom of the Anglo-Saxon race the world over recognizes the superiority of juries over judges as a tribunal for the ascertainment of facts, and it is only when the judge deems that there has been a palpable miscarriage of justice that he is given the power, not to find the facts himself, but to set aside the verdict and send the case to another jury. In *State v. Kiger*, 115 N. C., at p. 751, the Court, after mentioning that the granting or refusing a new trial because against the weight of evidence is

McCord *v.* Railroad Co.

not reviewable, says: "The fact that twelve men have convicted on the evidence will often and properly make him less sure of his own opinion to the contrary.  Nor should even he give a new trial merely because, if a juror, he might have voted for acquittal."  This principle was cited and approved in *State v. Green*, 117 N. C., at p. 696.  In *Coley v. Railroad*, 129 N. C., at p. 416, 57 L. R. A., 817, it is said: "It may be that if we were jurors we would find the plaintiff guilty of contributory negligence as a matter of fact, and not at all unlikely that the recovery would be less.  But we are not jurors and have no right to assume their functions." It is true that this Court cannot set aside a verdict because against the weight of evidence, and that the Superior Court Judge who heard the trial has that power, and, in the interest of justice, should exercise it in proper cases; but it is equally true that his action in that regard is not reviewable, and the reason given in this case is not a refusal to act for want of power, but an exercise of his discretion, warranted by the cases above cited.

The judgment below is
Affirmed.