## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## ROACH V. SOUTHERN RAILWAY COMPANY.

### January 16, 1913.

### Absent, Keith, P.

1. VERDICTS—*Presumptions—Evidence to Support—Case at Bar.*—Every reasonable presumption should be made in support of the verdict of a jury fairly rendered, and it should not be set aside unless there has been a plain departure from right and justice; never in a doubtful case. In the case at bar the plaintiff was furnished by the defendant with a box car in which to load wood. It was necessary for him to enter the car in order to load it properly, and in doing so he caught hold of the door to assist himself in stepping into the car. The door was rotten and gave way, precipitating him to the ground and causing the injury complained of. The evidence tended to show that the method of entering the car adopted by the plaintiff was the customary way and a reasonably safe way in the circumstances; and it was apparent that the proximate cause of the injury was the defective condition of the car door. Under these circumstances it was error for the trial court to set aside a verdict in favor of the plaintiff.

Error to a judgment of the Circuit Court of Pittsylvania county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Lee & Kemp,* for the plaintiff in error.

*William Leigh,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is a personal injury action in which there were two trials. The first trial resulted in a verdict for the plaintiff for $1,200, which, on motion of the defendant, the circuit court set aside. On the second trial there was a verdict and judgment for the defendant, but it was merely formal and for the purpose of enabling the plaintiff to have reviewed on writ of error the action of the court in setting aside the first verdict. Virginia Code 1904, sec. 3484.

There was no demurrer to the declaration, and the correctness of the court's ruling with respect to instructions is not controverted; so that the question for our determination is the sufficiency of the evidence to support the first verdict.

The material facts, from the point of view of the plaintiff in error, are these: On requisition of the plaintiff the defendant placed one of its box-cars on its side-track near Whittle's station, in Pittsylvania county, for the purpose of receiving for shipment a carload of cord-wood to Danville, Va. A few days previous to the accident this car had hauled a load of fertilizer from the city of Alexandria (a car inspection point) to Whittle's station. The plaintiff, in company with his employee, Tanksley, hauled a load of cord-wood to the car and backed his wagon to the door so that the wood could be loaded thereon. There was a ditch or depression along the side-track filled with water, and, when the wagon was placed in position for unloading, the rear end of the wood-frame was several feet below the level of the floor of the car. The car door was the usual sliding door, and lacked about twelve or eighteen inches of being entirely open. It was necessary for the plaintiff to enter the car to receive and properly load the wood, and for that purpose he got upon the rear of the wagon in front of the opening and, placing one foot upon the door sill, caught hold of the side of the door with one hand and the iron hasp attached thereto with the other to

assist himself in stepping into the car. While in this position, in assisting the upward step by attempting to raise himself with his hands, a section of the car door, eighteen inches wide at the top and two feet wide at the base, gave way under the strain and pulled loose from the main portion of the door. Thereupon the plaintiff was precipitated backwards from the door-sill of the car to the ground, and in falling his back struck the rear wheel of the wagon and his side the edge of the wood frame. The injuries sustained were of a serious and painful character and incapacitated the plaintiff for work for nearly a year, and practically occasioned the loss of his crop.

The evidence tended to show that the method of entering the car adopted by the plaintiff was the customary way and a reasonably safe way in the circumstances; and it is apparent that the proximate cause of the accident was the defective condition of the car door. There is no conflict as to the dangerous condition of the door, though it appeared to be sound from the outside. The wood was rotten and the break was of long standing. The section of the door which pulled loose and caused the accident was held in position by a piece of white pine plank about one-half or three-fourths of an inch in thickness, and of the material used to make goods boxes, tacked across the crack on the inner side. When the attempt was made to replace the broken piece after the accident the condition of the door from decay was such that it would not hold the nails.

The opposing theory of the case for the defense is that the proximate cause of the accident was the negligent way in which the plaintiff undertook to enter the car, and evidence was adduced to sustain that assumption.

The case was properly submitted to the jury on the law, and there is no suggestion of misconduct on their part in arriving at the first verdict; and in such case the established rule is that a court ought not to disturb the verdict

unless there has been a plain departure from right and justice—never in a doubtful case.

The controlling principle is stated by Judge Burks, with his accustomed clearness, in *Blair & Hoge* v. *Wilson,* 28 Gratt. (69 Va.) 165, at page 175, as follows: "Every reasonable presumption should be made in support of the verdict of a jury fairly rendered, and according to the long-established and well-settled rule of this court,. such a verdict cannot be set aside as against the evidence, unless there is a *plain* deviation—unless the evidence is *plainly* insufficient to warrant the finding. Many of the cases, the earlier and the more recent, establishing this rule in Virginia, are cited and commented upon by Judge Moncure in delivering the opinion of the court in *Read's Case,* 22 Gratt. (63 Va.) 924."

To the same effect are the more recent cases of *Morien* v. *Norfolk & Atlantic Terminal Co.,* 102 Va. 622, 46 S. E. 907; *Jackson* v. *Wickham,* 112 Va. 128, 70 S. E. 539.

In the instant case the evidence on behalf of the plaintiff was ample to sustain the verdict if the jury chose to accept it.

For these reasons the judgment of the circuit court must be reversed, and judgment entered for the plaintiff upon the first verdict.

*Reversed.*