*Hewlett & Dennis,* contra.

---

16866.   GEORGIA RAILWAY & POWER COMPANY *v.* OGLETREE.

STEPHENS, J.   1. It is not negligence per se for a passenger upon a street-car to sit with his arm protruding not more than two or three inches out of the window upon the side next to a car approaching upon a parallel track where both cars are meeting and passing each other upon a curve. Although there may be horizontal bars in the window and their presence there may suggest to the passenger the danger of allowing his arm to protrude through the window, it is not negligence per se for a passenger to rest his arm upon one of the bars and allow his arm to protrude out of the window as above indicated. Whether such conduct is, under the circumstances, negligence, is a question of fact for the jury.

2. In a suit by a passenger against a street-car company to recover damages for injuries sustained by him by reason of his arm being broken as a result of the alleged negligence of the defendant in allowing cars to pass too close together when meeting upon a curve while the passenger was sitting in one of the cars with his arm protruding out of the window on the side adjacent to the approaching car, a charge that if the plaintiff in the "exercise of ordinary care should have reasonably anticipated" that the protrusion of his arm out of the window might have resulted in his arm being struck by the approaching car, he would have been guilty of contributory negligence, is equivalent to an instruction that the standard of care chargeable to the plaintiff is that which would be exercised by an ordinary prudent man under the same circumstances, and is not an instruction that the standard of care is what the plaintiff himself might have regarded as prudent.

3. The charge is not subject to the objection that it contained an expression of opinion upon the facts, was argumentative, inaccurate, or unfairly stated the contentions of the parties.

4. The evidence authorized the inference that the cars in meeting each other and in passing upon parallel tracks upon the curve came so close together that they collided; that the approaching car struck the plaintiff's arm and broke it; that the defendant company was negligent in so

operating its cars, and that such negligence was the proximate cause of the plaintiff's injury.

5. The evidence authorized the verdict found for the plaintiff, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 23, 1926.

Damages; from Fulton superior court—Judge Bell. July 31, 1925.

*Colquitt & Conyers, Sidney Smith,* for plaintiff in error.
*Slaton & Hopkins,* contra.