# Richmond

CROCKETT C. SELFE AND VIRGINIA HARDWOOD LUMBER
CO., INC. v. JOHN H. FULLER.

January 19, 1942.

Record No. 2456, 2457.

Present, All the Justices.

The opinion states the case.

*George C. Peery* and *V. L. Sexton*, for Crockett C. Selfe, plaintiff in error.

*Crockett & Gillespie*, for Virginia Hardwood Lumber Co., Inc., plaintiff in error.

*S. H. & George C. Sutherland*, for John H. Fuller, defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

John H. Fuller, plaintiff, brought an action, by notice of motion, to recover of the defendants damages for personal injuries sustained by him as a result of the concurring negligence of defendants.

A trial by a jury resulted in a verdict in favor of plaintiff in the sum of $8,080, against both defendants, and judgment was duly entered thereon.

The facts of the case are simple. The accident of which the plaintiff complains occurred on the 29th day of September, 1939, in Tazewell county, Virginia. Plaintiff was a passenger on a common carrier bus operated by defendant, Selfe. At a point near the town of Doran, a loaded coal truck, owned and operated by defendant company, was proceeding east when it collided with the bus of defendant, Selfe, which was proceeding west. The concurring negligence of the defendants is so palpable that it is unnecessary to enter into the details of the collision.

The fundamental question in the case is whether plaintiff was guilty of contributory negligence as a matter of law, and thus barred of a right to recover damages.

The basic allegation of the notice of motion is: "I, while riding as a passenger on said bus with my left arm resting on the window sill was shaken, jolted, cut * * and my arm thrown and forced out and through the window of said bus and caught between the walls of said bus and truck and crushed, broken and torn by the concurring negligence of your said vehicles * *."

The facts on which plaintiff rests his right to recover are these: Plaintiff testified, "I had my arm or elbow just laying in the window of the bus and a truck run into the side of the bus and *catched* my arm some way or another, it was done so quick, I just couldn't tell how, it just crushed my arm up at that time."

Plaintiff further testified that Selfe visited him in the hospital and "said they would have to take care of my hospital bill and would have to pay me for the loss of my arm."

Plaintiff and one Tillie Dillon were the only eye-witnesses to the accident. Tillie Dillon testified, in chief, merely as to the condition of plaintiff immediately following the accident. On cross-examination she was asked, by counsel for defendants, this question: "Had you noticed just prior to the accident his arm sticking out of the window?" Her answer was, "Yes." Upon re-direct examination, she testified that plaintiff's arm was resting on the sill and his hand was against the window facing.

It is unnecessary to notice the objection of counsel to the leading question propounded. The jury heard both answers of the witness. In any event, the answers, except by inference, throw but little light on the location of the arm at the moment of impact.

It was further shown by the plaintiff, on cross-examination of defendants' witness, Dr. James Williams, that the injury to the arm "was from five inches from the shoulder down and into the elbow." It also appears that it was necessary to amputate the arm above the elbow.

The defendants introduced three witnesses who testified as to alleged statements made by plaintiff soon after the accident.

One witness stated that plaintiff said, "it was his fault, that he had his arm out of the window"; the second witness stated, "he said he had his arm in the window"; the third witness stated, "he had his arm in window or out of it, I don't know which he said."

Proceeding upon the theory that the evidence revealed that at the moment of collision between the two vehicles, plaintiff's arm was projecting out of the bus window, defendants requested and the court gave this instruction to the jury: "The court instructs the jury that if you believe from the evidence in this case that the plaintiff was riding as a passenger

in a common carrier motor bus, owned and operated by the defendant, Crockett C. Selfe, and that while said motor bus was in motion, traveling along a highway in Tazewell County, Virginia, the plaintiff allowed his left arm to protrude beyond the side of the said bus, or allowed his left arm to hang out of a window of said bus, then the plaintiff was guilty of negligence in riding in said bus with his arm in such position, and if you believe that such negligence on the part of the plaintiff was the proximate cause of the injury to the plaintiff, or contributed to cause such injury, then you shall find for the defendants in this case."

This instruction, which became the law of the case, was based upon the decision of this court in *Dun* v. *Seaboard and Roanoke Railroad Co.*, 78 Va. 645, 49 Am. Rep. 388. That case was decided not upon controverted questions of fact, but upon a demurrer to the declaration. The declaration set forth that the plaintiff was a passenger in a railway car of defendant and that the arm of the plaintiff projected two inches outside of the car window at the time of the accident. The court held that the plaintiff was guilty of contributory negligence as a matter of law in thus projecting his arm out of the window and, therefore, not entitled to recover.

Strange as it may seem, there is a paucity of cases dealing with the question of the right of a plaintiff to recover when the fact is undisputed that while riding in a motor vehicle with his arm protruding, he receives an injury. The great majority of the cases deal with the injuries suffered to the limb of a plaintiff while riding in a railway car or a street car.

[■■] There is a conflict in the decisions, but the weight of authority seems to be that the question of the contributory negligence of the plaintiff is a question of fact for the jury, and not a question of law for the determination of the court. See *pro* and *con*, *Black* v. *City of Berea*, 137 Ohio. St. 611, 32 N. E. (2d) 1; *Georgia Ry. & Power Co.* v. *Ogletree*, 35 Ga. App. 765, 134 S. E. 830; *Gage* v. *St. Louis Transit Co.*, 211 Mo. 139, 109 S. W. 13; *Farlow* v. *Kelly*, 108 U. S. 288,

291, 2 S. Ct. 555, 27 L. Ed. 726; *Webb* v. *Batten*, 117 W. Va. 644, 187 S. E. 325; *Dahlberg* v. *Minneapolis Street Ry. Co.*, 32 Minn. 404, 50 Am. Rep. 585; *McCord* v. *Atlanta & C. Air Line R. Co.*, 134 N. C. 53, 45 S. E. 1031. See also Hutchinson on Carriers (2nd Ed.) 658a; 3 Thompson Negligence, p. 435; Blashfield Cyc. of Auto. Law & Prac. (Perm. Ed.), Sec. 2180, Vol. 4, p. 42.

■ It is a dominant fact in the case at bar that the jury, on the evidence presented by plaintiff and defendants, found that the instruction given on the question of plaintiff's contributory negligence was not applicable to the facts determined by the verdict. It is, therefore, unnecessary to determine whether the rule stated in the *Dun case, supra*, should be applied in this case, if it be true as contended by plaintiff, that the proof shows that the injury suffered by plaintiff was caused by a jolt or jar following the act of concurring negligence of defendants which projected his arm out of the window while it was lying in or upon the window sill of the bus. If, as stated, the evidence supports this contention then it was for the jury to say whether or not plaintiff was guilty of any negligence.

In *Germantown Passenger Ry. Co.* v. *Brophy*, 105 Pa. St. Rep. 38, it was held that where a person sits in a street car with his arm resting on a window sill, wholly within the car, and by a sudden collision his arm is thrown out and broken, his occupying such a position is not negligence *per se*.

In *Farlow* v. *Kelly*, 108 U. S. 288, 291, 2 S. Ct. 555, 27 L. Ed. 726, in an opinion delivered by Mr. Chief Justice Waite, it was held that a passenger who rests his elbow on the sill of an open window in a car, but without projecting it beyond the car, and whose arm is thus thrown by the force of an impact outside of the car and is thereby injured in the collision is not guilty of contributory negligence.

In *Oney* v. *Jamison*, 175 Va. 420, 9 S. E. (2d) 346, Mr. Justice Browning, speaking for the court, said:

■ "It should be unnecessary to say what we have so

frequently said before, that when a litigant comes before this court with the favor of a verdict of the jury approved by the trial court he occupies the strongest position known to the law, and that, in such case, the facts should be stated and accepted in the light most favorable to him." See also *Virginia Electric & Power Co.* v. *Whitehurst,* 175 Va. 339, 8 S. E. (2d) 296; *Virginia Electric & Power Co.* v. *Wright,* 170 Va. 442, 196 S. E. 580; *Roach* v. *Southern R. Co.,* 114 Va. 440, 76 S. E. 953.

The ultimate question for decision is, does the evidence adduced by the plaintiff support the verdict of the jury?

The jury were the judges of the credibility of the witnesses, and by their verdict they have said the statement of plaintiff relative to the position of his arm at the time of the collision was true. There is nothing inherently incredible in this conclusion.

If we assume, as we must do in view of the verdict, that plaintiff's arm was where he said it was, he was under no legal obligation to anticipate that the defendants would project their respective motor vehicles against his arm. The law imposes upon the defendant the burden of proving contributory negligence and even though (for the sake of argument) we discard the oral evidence of the plaintiff, there is one hurdle that defendants have not surmounted, namely, the physical fact that the injury sustained by plaintiff was not below the elbow. It is inconceivable that if the arm of the plaintiff protruded, as claimed by defendants, that the injury would have been five inches from the shoulder. There is but one logical conclusion to be drawn from this physical fact, and that is, the arm of the plaintiff was jarred or jolted out of the window by the impact, and as a result thereof, the arm was thrown outside with the hand extended downward. Otherwise, the injury would have affected the elbow and arm below the elbow.

It is further alleged that the verdict is excessive.

This assignment was not pressed in the oral argument, for the reason, as we conclude, that it is apparent that under our decisions it is without merit.

The judgment of the lower court will be affirmed.

*Affirmed.*