| 90 49|
|112 649|

# Ga. Pacific Railway Co. *v.* Underwood.

*Action for Damages by Passenger, for Personal Injuries.*

1. *Contributory negligence; protruding arm from window of moving car.*—It is negligence *per se*, to be so declared by the court as matter of law, for a passenger on a steam railway to protrude his arm, hand or elbow through the window of the car while in motion, beyond the outer edge of the window, or outer surface of the car; and such negligence on his part, contributing proximately to an injury received by collision with an object passing near by, bars a recovery for damages.

2. *Liability of railroad company for negligence of others using its cars and track.*—A railway company, allowing third persons to use its spur-track and cars to be loaded with coal for transportation over its road, is liable for their negligence in leaving the loaded cars too near its main track, whereby a collision with a moving train is caused.

APPEAL from the Circuit Court of Birmingham.

Tried before the Hon. JAMES B. HEAD.

This action was brought by A. D. F. Underwood against the appellant corporation, to recover damages for personal injuries sustained by plaintiff while travelling as a passenger on defendant's road; and was commenced on the 22d June, 1887. The accident occurred on the 25th May, 1887, at or near "Pratt Crossing" on defendant's road, where there is a short spur-track, on which several cars loaded with coal were standing; the rear car being pushed so near the main track that it scraped the entire side of the coach in which plaintiff was riding, and struck and fractured his arm, which was either resting on the edge of the open window, as he testified, or somewhat protruding beyond it, as other evidence tended to show. The cause was tried on issue joined on the pleas of not guilty and contributory negligence, and resulted in a verdict for plaintiff for $5,000; but on motion for a new trial, the plaintiff consented to the entry of judgment for $2,500 only.

The evidence on the trial showed that the spur-track belonged to the defendant, and was built entirely on its right of way; that the cars used on it also belonged to the defendant, but were used by Moore & Wells for the transportation of coal, they being engaged in mining coal near by at Walker's Mines; that the defendant's servants pushed these cars from the main track on to the spur-track, where the servants of Moore & Wells took charge of them, pushed them up to the

4

chute where they were loaded with coal, and then pushed them back near the main track, where they were left until the defendant transported them to market; that a clearing-post was set up near the junction of the spur-track with the main track, showing the point beyond which the loaded cars were not to be left; and that the cars, at the time of the accident, had been pushed a short distance beyond this post, by the servants of Moore & Wells.   On this evidence, the court charged the jury, "that the defendant is responsible in law for the wrongful acts or omissions of the servants of Moore & Wells in moving and placing the cars on the spur-track; that the cars belonging to the defendant, and the spur-track also belonging to the defendant, on its right of way, and connected with its main line, the defendant owed the duty to its passengers to keep such spur-track clear of obstructions that might come in contact with passing trains; and that the negligence of the servants of Moore & Wells, if the evidence showed there was negligence in placing the cars on the spur-track, was imputable in law to the defendant."

The court charged the jury, also, as follows: "It is for the jury to ascertain from the evidence whether or not the plaintiff had his arm projecting outside of the window of the car at the time he was injured; and even if they find it to be a fact that he had, still it would be a question for them to decide whether or not he was thereby guilty of contributory negligence; that the court could not decide, as matter of law, that such conduct on plaintiff's part was negligence, but it must be left to the jury to say, under all the circumstances of the case, whether such conduct showed an absence of ordinary care and prudence."

The defendant excepted to each of these charges, and requested the court to instruct the jury, (1) that they must find for the defendant, if they believed the evidence; (2) "that if the plaintiff, at the time he was injured, had his arm or elbow resting on the window-sill of the car, extending outward and beyond the outer edge of the sill, and this act contributed proximately to the injury, this was such negligence on his part as will prevent a recovery in this case, and the verdict should be for the railroad company."   The court refused each of these charges, and the defendant excepted.

The charges given, and the refusal of the charges asked, are assigned as error.

JAMES WEATHERLY, for appellant.

SMITH & LOWE, contra.

[Ga. Pacific Railway Co. v. Underwood.]

McCLELLAN, J.—The following authorities hold that it is negligence *per se*, and to be so declared by the courts as a matter of law, for a passenger on a steam railway to protrude his arm, hand or elbow through the window of a car while in motion, and beyond the outer edge of the window, or outer surface of the car; and that a recovery can not be had for any injury, which, but for such negligence, would not have been sustained.—*S. & R. R. R. Co. v. Dun*, 16 Amer. & Eng. R. R. Cases, (Va.) 363; *P. & C. R. R. Co. v. McClurg*, 56 Pa. St. 294; *Morel v. M. V. R. R. Co.*, 4 Bush, (Ky.) 535; *L. & N. R. R. Co. v. Sicking*, 5 Bush, (Ky.) 1; *Barton v. St. L. & I. Mt. R. R. Co.*, 52 Mo. 253; *Indianapolis R. R. Co. v. Rutherford*, 29 Ind. 82; *Pittsburgh R. R. Co. v. Andrews*, 39 Md. 329; *Todd v. O. C. & F. R. R. R. Co.*, 3 Allen, (Mass.) 18; s. c., 7 Allen, 207; *Holbrook v. U. &c. R. R. Co.*, 2 Kern. (N. Y.) 236, 244.

Against this array of adjudged cases, and to the converse of the proposition stated, there is believed to be in reality but one authority. That is the case of *Spencer v. M. & P. C. R. R. Co.*, 17 Wis. 487, which takes the position, and supports it with vigor, that it is not negligence *per se* for a passenger to project his arm out of the window of the car in which he is riding. Another case frequently cited and relied on to support this view is that of *C. &. R. R. Co. v. Pondrom*, 51 Ill. 333. The conclusion in that case, however, was rested on the doctrine of comparative negligence—a doctrine which, if not peculiar to Illinois, certainly is not recognized in our jurisprudence—and while the protrusion of the passenger's arm from the window of a moving car was admitted to be negligence, the judgment was allowed to stand, because plaintiff's negligence was held to be *less* than that of the defendant. In the case of *Guin v. S. C. R. R. Co.*, 7 S. E. Rep. 614, the ruling of the Supreme Court of South Carolina, that the inquiry of negligence *vel non* in projecting the arm from the car window was for the jury, proceeded, it seems, from a construction of the constitution of that State, under which, and not from a consideration of general principles of law, the court felt impelled to submit the whole question of contributory negligence to the jury. A like conclusion was reached in Louisiana, with respect to a passenger on a street railway.—*Summers v. Crescent City R. R. Co.*, 34 La. An. 139. But, as Mr. Bishop observes: "Steam power is more difficult of control than horse power; so the same negligent act of the passenger, such as voluntarily and unnecessarily riding on the platform of the car, is regarded as somewhat more recriminatory in the former than in the latter."—Bish. Non-Cont. Law, § 1116. And the whole doctrine

of this case, as also the Wisconsin case, *supra*, is repudiated by Mr. Wood in the following language: "But the line of reasoning adopted in this case fails to convince us that the doctrine held is either just or proper. Any person possessed of sufficient intelligence to ride upon a street car, must know that the vehicle in which he is riding can not turn from the rails upon which it runs, and is constantly passing other vehicles which are liable to pass very near to it, so as to render it unsafe, except with the utmost watchfulness on his part, to allow any portion of his body to protrude beyond the outer surface of the car; and it makes no difference in this respect that one source of danger is the company's own car passing upon other rails laid in the street. . . . . . To say that a passenger may be stupidly negligent, and expose his person to danger upon this class of vehicles, and the company made liable for the consequences of his negligence, is the assertion of a rule which has no foundation in reason, and but little in authority; and it seems to us that the rule generally adopted, that such acts upon the part of a passenger either upon a street or steam car· are *prima facie* negligent, is the correct one." 2 Wood's Railway Law, pp. 1107, 1108.

The doctrine of the authorities cited first above is similarly approved by other text-writers of recognized accuracy and learning. Thus, it is said in 2 Shear. & Redf. on Negligence, § 519, that "it is deemed contributory negligence, within the rule, for a passenger to do any voluntary act which unnecessarily exposes him to risk of such injuries as a traveller is liable to. A passenger can not, therefore, recover (as a general rule) for an injury to his arm or head, while improperly projecting out of a window of a railroad car or stage." And Mr. Beach states the doctrine as formulated in *P. & C. R. R. Co. v. McClurg*, *supra*, to the effect that, as a "general rule, a passenger who puts his head, or elbow, or any other part of his body, out of the window of the car in which he is riding, has no cause of action against the railroad company for any injury that he may sustain on that account, from contact with outside obstacles or forces. If any part of the passenger's body extends through the open window, beyond the place where the sash would be when the window is shut, it is sufficient to prevent a recovery of damages by him." And with respect to the contrary position taken by the Supreme Court of Wisconsin, he observes: "A consideration of the cases to be cited in support of this view will show that there is but a slight basis for it, and that the weight of authority is decidedly against any such position."—Beach Contrib. Negligence, pp. 164, 166, 167. Bishop recognizes the same doctrine (Bish. Non-Cont. Law,

[Ga. Pacific Railway Co. v. Underwood.]

§ 1107); and Mr. Wharton, while expressing the same doubts as to the correctness of the rule to the extent it has gone, yet in effect admits that it has the support of the weight of authority.—Whart. Law of Negligence, § 361.

This question is an open one in Alabama. We are, however, satisfied with the rule as formulated and supported by the great number of adjudged cases, and the texts to which we have referred. The reasons upon which they base the doctrine appear to be eminently sound. Windows are not provided in cars that passengers may project themselves through or out of them, but for the admission of light and air. They are not intended for occupation, but for use and enjoyment without occupation. No possible necessity of the passenger can be subserved by the protrusion of his person through them. Neither his convenience nor comfort requires that he should do so. It may be, doubtless is true, that men of ordinary prudence and care habitually lien upon, or rest their arms upon the sills or windows by which they ride. But this is a very different thing from *protrusion beyond* the outer edge of the sills, and beyond the surface of the car. We can not concur in the assumption of the Wisconsin Court, that prudent men are habitually given to thus projecting themselves from the windows of moving trains. Judge Thompson, who evinces an inclination to agree with that court, fails to indorse this assumption as to the habits of prudent men, which is the key-stone to the position announced by it. He says: "It is perhaps not too strong a statement, that no person ever travelled on a railway train without at some time resting his arm on the window sill at least, if not permitting it to protrude slightly. Conduct which is universal, is necessarily that of persons reasonably prudent."—Thomp. Carr. Passengers, p. 258. But the conduct which is assumed by him to be universal, is that of resting the arm on the sill, not permitting it to protrude even slightly beyond. The former, prudent men may do; but we can not conceive that the latter is an act which a man of reasonable care and prudence would ever voluntarily do, much less that it is the habit of such men to so act. The former, under ordinary circumstances, is not negligence. The latter, according to the overwhelming preponderance of authority, based on sound reason, as we conceive, standing by itself, is always negligence *per se*, which will defeat a recovery for any injury to which it proximately contributed.

The action of the trial court, as to charges given and refused, was not in harmony with our views of the law on this point. The jury should have been instructed, in substance, to

[Evans v. Savannah & Western Railway Co.]

return a verdict for the defendant, if they should find from the evidence that, at the time of the accident, plaintiff's arm or elbow was protruding through the window, and beyond the outer surface of the car, and but for this fact the injury would not have been suffered.

The rulings of the trial court, as to defendant's liability for the negligence of Moore & Wells, or their employès, in leaving the car on the spur-track in dangerous proximity to the main line, were free from error.—*L. & N. R. R. Co. v. Sickings*, 5 Bush, (Ky.) 1; *Ricketts v. Birmingham Street Railway Co.*, 85 Ala. 600; *Montgomery Gas Light Co. v. Eufaula Railway Co.*, 86 Ala. 373.

For the error pointed out above, the judgment is reversed, and the cause remanded.