# Simmerman *v.* Hills Creek Coal Co.

*Damage for Injury to Servant.*

(Decided Feb. 1, 1911. 54 South. 426.)

1. *Master and Servant; Injury to Servant; Complaint.*—In an action for injury caused by the falling of rock in a mine a complaint alleging that on a certain day a rock fell upon plaintiff, that on that day, he was in defendant's employ, and was engaged in discharging his duty and that he was injured as a proximate cause of the wanton act of another employe entrusted with superintendence, was insufficient in failing to show that plaintiff was in defendant's service and discharging his duty when injured, and in failing to show causal connection between the fall of the rock and the wanton misconduct charged.

2. *Same; Contributory Negligence; Plea.*—A plea setting up that the miner suing for injury caused by the falling of a rock was guilty of contributory negligence in going under or near the defective roof, was defective on account of the alternative averment.

3. *Same.*—A plea alleging that a miner knew that the rock was in danger of falling from the roof, and with this knowledge went thereunder, thus proximately causing his injury, was good against demurrer.

4. *Same; Knowledge of Danger.*—To show contributory negligence it was essential to show that the servant knew of the danger to which he subjected himself.

5. *Same.*—Where the action was for injury to a miner caused by the falling of a rock a plea asserting that he or his fellow servant neglected a duty to see that the roof was supported did not contain a sufficient allegation of the relation of the fellow servant to the plaintiff as to warrant imputation to plaintiff of failure to perform his duty.

6. *Same.*—A plea of contributory negligence asserting that the plaintiff knew the condition of the roof and the danger of its falling, that such knowledge was open to ordinary observation, and yet negligently remained thereafter at work under or dangerously near the roof, and then and there assumed the risk, and as a proximate consequence thereof, was injured, was not demurrable.

7. *Negligence; Contributory; Prudence.*—The test of contributory negligence is what would ordinary prudence suggest.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Action by J. D. Simmerman against the Hills Creek Coal Company, a corporation, for injuries received in

its employment. Judgment for defendant and plaintiff appeals. Reversed and remanded.

Count A is as follows: "Plaintiff further claims of the defendant, the Hills Creek Coal Company, a body corporate, the sum of $20,000 as damages, for that, whereas, heretofore, on, to wit, the 10th day of October, 1908, defendant was engaged in operating a coal mine in said county and state, when a rock or other hard substance fell from the roof of said mine, and same struck plaintiff, thereby badly bruising (here follows a catalogue of the injuries alleged to be permanent); and plaintiff avers that on said day he was in the service or employment of the defendant, and was engaged in the discharge of his duties under said employment. And plaintiff avers that he received said injuries and damage as a proximate cause and as a direct consequence of the wanton act of some person in the service or employment of the defendant, who has superintendence intrusted to him while in the exercise of such superintendence, and while acting within the line and scope of his authority as such."

Count C: Same as A, with the allegation that plaintiff was rightfully at work in said mine when he was injured, and that his injuries were proximately caused by reason of the wanton act of defendant's servants or agents, whose names are unknown to plaintiff, while acting within the line and scope of his authority as such.

The following are the pleas referred to in the opinion:

(3) "Plaintiff says that defendant was himself guilty of negligence which proximately contributed to his said injuries and that said negligence consisted in this: that plaintiff with knowledge that a part of the top or roof of the mine was in danger of falling and with

knowledge that should the same fall, when he was under or near the same, injury would result to him, nevertheless went under or near the same, whereby and as a proximate consequence of which said part of the top or roof fell upon him and caused his said injury."

(4) "That plaintiff was aware that the roof or top of said mine, which fell, was in danger of falling, and had knowledge and appreciation of the danger arising therefrom, and thereafter said plaintiff went under said roof of said mine, and as a proximate consequence thereof received said injuries."

(7) "The defendant says that it was the duty of plaintiff, or of A. J. Robinson, with whom plaintiff was working in a joint undertaking, to see that the roof back of the place where plaintiff was at work was properly supported to prevent the same from falling, and it was not defendant's duty so to see and do. Yet, notwithstanding, plaintiff or the said Robinson negligently failed to see that the roof back of the place where plaintiff was working was properly supported to prevent same from falling, and as a proximate consequence of said negligence plaintiff received his said injuries."

(8) "Defendant says that plaintiff had knowledge of the condition of the roof which fell and injured him, and knowledge of the danger of the same falling, and said danger was obvious and open to ordinary observation. Yet he negligently remained thereafter at work under or dangerously near said roof, and negligently allowed himself to be under or dangerously near said roof which fell, and then and there assumed the risk incident to being under or dangerously near said roof, and as a proximate consequence thereof received said injuries."

BONDURANT & SMITH, for appellant. The court erred in overruling demurrers to the 3rd plea.—*T. C. I.*

& R. R. Co. v. Burgess, 47 So. 1030. Also to plea 4.—
Merriwether v. Sayre M. Co., 49 So. 919. There is not
sufficient averment in either plea that plaintiff was den-
gerously near the place or had knowledge that the place
he was occupying was dangerous.—Authorities supra
and Osborn v. Ala. S. & W. Co., 135 Ala. 571; Ala. C.
Co. v. Neal, 136 Ala. 299; Creola L. Co. v. Mills, 149 Ala.
474; Lockhart v. Sloss Co., 51 So. 627. Plea 7 is faulty.
—Pioneer M. & M. Co. v. Smith, 150 Ala. 357; Lock-
hart vv. Sloss Co., supra; Bir. M. Co. v. Shelton, 43 So.
112; Mascott C. Co. v. Garrett, 47 So. 150. The court
erred in sustaining demurrers to counts A and C.—City
D. Co. v. Henry, 139 Ala. 161; B. R. L. & P. Co. v.
Bowers, 110 Ala. 328.

TILLMAN, BRADLEY & MORROW, and COLLIER & ELLI-
SON, for appellee. No brief reached the Reporter.

McCLELLAN, J.—The court did not err in sustain-
ing the demurrers to counts A and C. It did not ap-
pear from these counts that at the time plaintiff was
injured he was in the service of the defendant, and was
discharging the duties of that service. Furthermore,
no causal connection between the falling of the "rock
or other hard substance from the roof of the mine" up-
on plaintiff, injuring him, and the latterly, generally,
alleged wanton misconduct of any other employee of
the defendant, is shown. Hence the counts failed to
charge the aggravated wrong the pleader intended
thereby to aver.

The report of the appeal will contain pleas 3, 4, 7
and 8. The purpose of pleas 3 and 4, judging the in-
tent of the pleader from the frame thereof, was to aver
a state of fact wherefrom it was to be concluded as mat-
ter of law that plaintiff negligently—without due care
—subjected himself to the hazard of the injury befal-

ling him. It was necessary that the facts averred should point, with certainty, to that result, viz., negligence of the plaintiff in so ordering his conduct.—*Creola Lumber Co. v. Mills*, 149 Ala. 474, 481, 42 South. 1019. Plea 3 was, in our opinion, rendered faulty by the employment therein of the alternative averment, "or near." Had this averment been omitted, it would, in substance, have conformed the plea to that numbered 4, which, we think, was not demurrable. "Near" is a relative term. Knowledge of the hazard to which plaintiff subjected himself was essential to be shown in order to impute negligence to him; and negligence may or may not have infected his conduct in respect of his own safety according as ordinary prudence suggested. It was the office of the plea to show that he did not observe that measure of prudence in taking a position with reference to the insecure roof. It is averred that he knew he would be injured if the insecure top or roof fell, provided he was under or near it when it did fall. The requisite prudence to avoid the imputation of negligence might have been observed by plaintiff in ordering his conduct so as not to be under, or in dangerous proximity to, the disengaged top or roof, and yet injury might have resulted to him because he was near it. To what nearness, with respect to the actual danger zone of the insecure top or roof if it fell, ordinary prudence suggested as the limit of safe approach thereto, is left entirely unstated by the plea. In *Meriwether v. Sayre Mining Co.*, 161 Ala. 441, 49 South. 916, plea 8 was approved, but in it, as will be seen, the pleader had incorporated the terms "dangerously" and "negligently." Other pleas in the case at bar conformed to plea 8 interposed in the *Meriwether Case;* and it would seem that the pleader here took a distinction between the legal effect of his pleas conforming to plea 8 in the

*Meriweather Case* and that of the plea (3) under consideration. The demurrer to plea 3 was erroneously overruled.

The complaint, after two amendings, contained counts asserting two distinct theories leading to defendant's liability. One was that the relation of master and servant existed between plaintiff and defendant at the time of plaintiff's injury. The other was that plaintiff was not then so related in employment to defendant; but was then engaged in the mine of defendant upon the invitation of the defendant. Answering counts declaring on both theories, the intent of the pleader, in plea 7, was at least alternatively, to impute to plaintiff the negligence of Robinson, "with whom plaintiff was jointly working in a joint undertaking," in failing to see that the roof of the mine was properly supported. The plea was not a sufficient answer to those counts whereby liability was asserted as upon the theory that the relation of master and servant prevailed between plaintiff and defendant at the time of the injury. This important fact is not negatived in plea 7. In fact, it is conceded; for the effort was, by plea 7, to avoid liability because of the contributory negligence of one whose want of care was imputable to the plaintiff. Nor is it averred that Robinson was not a servant of the defendant. The averments of the plea are not inconsistent with the existence at the time of plaintiff's injury of the relation of master and servant between Robinson and defendant. The fact that plaintiff and Robinson were engaged at the time in a joint service in a joint undertaking may have been true, and yet both of them may have been servants of the defendant. Nor does the plea assert that plaintiff or Robinson was an independent contractor, as that status has been defined here.—*Rome &*

*Decatur R. R. Co. v. Chasteen,* 88 Ala. 591, 7 South. 94; *Mayor, etc., v. McCary,* 84 Ala. 469, 4 South. 630; *Drennen v. Smith,* 115 Ala. 396, 22 South. 442. The obligation assumed by the pleader, of course, was to so relate Robinson to plaintiff as to warrant the imputation to plaintiff of Robinson's non-performance of duty. The demurrer objected that the plea failed in that particular. We think that ground was well taken, and that the demurrer should have been sustained. We see no fault in plea 8.—*Merriweather v. Sayre Mining Co.,* 161 Ala. 441, 49 South. 916.

For the errors indicated, the judgment is reversed and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.