# McCaffrey *v.* Lukens, Appellant.

*Negligence—Automobiles — Right-angled collision — Contributory negligence—Case for jury.*

In an action to recover damages for personal injuries suffered in a right-angled collision between two automobiles, the plaintiff cannot be convicted of contributory negligence as a matter of law by evidence that he was riding in a crowded automobile operated as a jitney, and that at the time of the accident one of his legs was hanging over the rear door of the car, but inside the lines of the footboard.

In such a case a verdict for the plaintiff will be sustained where the evidence tends to show that the car of the defendant was operated by his daughter who was under sixteen years of age, that it

## 232    McCAFFREY v. LUKENS, Appellant.

approached the intersection of a busy street without giving warning, at a rate of speed which rendered it at least doubtful whether the operator could stop the car in case another vehicle entered upon the crossing, that the car of the defendant was turned into the busy cross street upon the left hand side thereof right in opposition to the line of traffic upon the street, and that when danger threatened, instead of the car being stopped, it was first turned in one direction, then in another, and finally in a third direction, and that it struck the car in which the plaintiff was riding upon the side.

*Negligence—Automobiles—Principal and agent—Parent and child—Case for jury.*

In an action to recover damages for personal injuries sustained in a collision with defendant's automobile, where the plaintiff shows that the driver, a minor child of the defendant, was driving the car which was maintained by the owner for the use of his family, to procure a fixture for his residence, under an order of the owner's wife, who was authorized by the owner to procure it, the case is for the jury to find whether the car was being driven by the authority of the owner, notwithstanding he may have given order that his daughter should not drive the car unless accompanied by himself or his son.

Argued Nov. 21, 1916. Appeal, No. 179, Oct. T., 1916, by defendant, from judgment of C. P. Delaware Co., June T., 1915, No. 51, on verdict for plaintiff in case of Raymond McCaffrey v. William Lukens. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BROOMALL, J.

At the trial the jury returned a verdict for plaintiff for $303.75 upon which judgment was entered. On a motion for a judgment n. o. v., and for a new trial BROOMALL, J., filed the following opinion:

By this action the plaintiff seeks to recover compensation for injuries caused by an automobile owned by the defendant and driven by his daughter, who is under sixteen years of age. The verdict of the jury was ren-

dered on February 15, 1916, in favor of the plaintiff for three hundred dollars. No complaint is made as to the amount of the verdict, nor as to the manner of the submission of the case to the jury. By this motion the defendant urges to our attention three propositions:

1st. That the plaintiff was guilty of contributory negligence.

2d. That there was no evidence which legally imposes upon the defendant any liability for the injuries caused by his daughter in driving the automobile.

3d. That no negligence was shown in the daughter's driving of the automobile.

The evidence upon the first question was to the effect that at the time of the accident, the plaintiff was a passenger in an automobile, and that the seats of the automobile being occupied, he was sitting on the side door with his leg protruding outside of the body of the automobile, and that defendant's automobile ran against the side of the automobile in which he was riding, coming in contact with his leg producing the injuries of which he complains. It is contended that the protrusion of his leg outside of the body of the automobile whereby it was injured is negligence per se. It would be profitless to discuss this question upon principle, because it has been decided against the defendant's contention in Little v. Telegraph Co., 213 Pa. 229, in which Mr. Justice MESTREZAT says, "It is not of itself negligence for a person riding in a wagon on a public highway to permit his feet or arms to extend beyond the side of the vehicle." The question of contributory negligence was submitted to the jury, who have found it in favor of the plaintiff.

The evidence upon the second question was that the defendant was the owner of the automobile which collided with the automobile in which the plaintiff was riding, that he had bought it for the use of his family, that at the time of the accident it was being driven by his daughter, who is under sixteen years of age, that she was on an errand to procure a fixture for defendant's

residence, that she had been sent on this errand by her mother, that the mother had defendant's authority in a general way to procure supplies for his residence, that the defendant was away from home at the time of the accident, that the defendant had given orders to his daughter never to take the automobile out, without being accompanied either by himself or his son, and that she had so driven the automobile on numerous occasions. Under this evidence the question was submitted to the jury, whether the daughter was driving the automobile with the defendant's authority, and they have found this question with the plaintiff. Was this a jury question? We think it was. Where a plaintiff shows that the driver, a minor child of the owner, is driving a car which is maintained by the owner for the use of his family, to procure a fixture for his residence, under an order of the owner's wife, who is authorized by the owner to procure it, the case is for the jury to find whether the car is being driven by the authority of the owner notwithstanding he has given orders that the driver should not drive the car unless accompanied by himself or son. The owner's instructions as to the manner in which his service shall be performed will not relieve him from responsibility for the driver's torts while violating his instructions: McClung v. Dearborne, 134 Pa. 396; Moon v. Matthews, 227 Pa. 488. The wife having the defendant's authority to send the daughter on the errand, and having his authority to use the automobile, it is just the same if he had sent her himself, at the same time ordering her not to go unaccompanied by himself or son. She is performing his service, and the order relates only to the manner in which she shall perform it. The great test of liability is whether the driver is performing service for his master, on the one hand, or is upon his own business or pleasure on the other. Disobedience of orders are important to be considered in deciding this question, but when the conclusion is once reached that the driver is performing the authorized

service of the owner, then orders as to the manner of performance are unimportant.

The evidence upon the third question was two-fold; that which related to the manner of the accident and that which related to the violation of Section 8 of the Act of July 7, 1913, P. L. 672, which forbids the operation of an automobile on the public roads by a person under sixteen years of age. The evidence showed as to the manner of the accident, that the automobile in which the plaintiff was riding was proceeding westwardly on Third street, one of the main arteries of travel of the City of Chester. It was what is called a jitney and was probably running at an excessive speed, but this, however much we may think it to be the cause of the accident, could not be attributable to the plaintiff. The defendant's automobile was proceeding southwardly on Concord avenue which crosses Third street substantially at right angles. The driver of the defendant's automobile intended to cross Third street diagonally somewhat to the left to a store on the south side of Third street at or near the corner of Concord avenue. The two vehicles came to the intersection at the same time, the drivers of each of them in ignorance that the other was about to occupy the intersection. The evidence is various as to whether the driver of defendant's automobile sounded a horn. When the drivers of the two vehicles each became aware of the presence of the other, they each endeavored to avoid a collision, the plaintiff's driver by swerving to the left and the defendant's by swerving to the right. In this they were not successful, and the defendant's automobile ran into the side of the other. It was the duty of each of the drivers to use the highway with a due and reasonable regard to the use of it by others, and where one vehicle runs into the side of another driven by a driver whom the law characterizes as immature, and where there is some evidence of absence of warning of its approach, it is the province of a jury to say if that duty has been violated.

The defendant's responsibility for the negligence of the violation of the automobile law rests upon the evidence that the driver under sixteen years of age, was upon his service at the instance of his authorized agent under his general permission to drive the car, and the evidence that she had driven it on numerous occasions. This also is a question for a jury.

For the reasons above expressed, we refuse defendant's motion for judgment non obstante veredicto, and plaintiff's motion for a new trial dismissed.

*Error assigned* was in refusing to enter judgment for defendant n. o. v.

*A. B. Geary,* with him *James L. Rankin,* for appellant.—It is now the settled law of this State that to ride with any part of the body outside the window of a railway train or horse car or in a dangerous position on the cars is negligence per se and will bar a recovery : Pittsburgh, Etc., R. R. v. McClurg, 56 Pa. 294; People's Passenger Ry. Co. v. Lauderbach, 4 Penny. 406; Bard v. Pa. Traction Co., 176 Pa. 97; Thane v. Scranton Traction Co., 191 Pa. 249; Butler v. Pittsburgh & B. Ry. Co., 139 Pa. 195; Harding v. P. R. T., 217 Pa. 69.

It is well settled that a father is not liable for the tort of a child not committed by his authority or in his presence : Hower v. Ulrich, 156 Pa. 410; Strohl v. Levan, 39 Pa. 177.

*J. DeHaven Ledward,* for appellee.—A person injured by the negligence of another is not deprived of all remedy merely because at the time he was occupying an unusual position in a conveyance, unless he thereby coöperated in causing his injury : Paynter v. Atlantic City R. R. Co., 62 Pa. Superior Ct. 455; Little v. Cent., Etc., Telegraph Co., 213 Pa. 229; McClung v. Penna. Taximeter Cab Co., 252 Pa. 478; Renney v. Webster, Etc., Ry. Co., 50 Pa. Superior Ct. 579.

Defendant was liable for act of daughter and order of wife.

Opinion by Porter, J., July 13, 1917:

The opinion filed by the learned judge of the court below, overruling the motion of defendant for judgment non obstante veredicto, will appear in the report of this case, and renders it unnecessary that we enter into any lengthy discussion of the facts or the questions of law arising out of them. The plaintiff was a passenger in an automobile, which was being operated as a jitney. The car was crowded and one of defendant's legs was hanging over the rear door of the car, but inside the lines of the footboard. The appellant contends that because of this fact the court should have held the plaintiff guilty of contributory negligence, as matter of law. The court below refused to so hold and submitted the question of plaintiff's contributory negligence to the jury. Upon the correctness of this ruling we deem it unnecessary to add more to what is said in the opinion of the court below than to cite the decision of the Supreme Court in Mc-Clung v. Pennsylvania Taximeter Cab Co., 252 Pa. 478.

The automobile of the defendant was being operated by his daughter, who was under sixteen years of age. The second ground upon which the defendant appeals is that under the facts disclosed by the evidence the defendant was not liable for the negligence of his daughter in operating the automobile. The defendant maintained the automobile for the use of himself and his family. The daughter had frequently driven the car when accompanied by her father, the defendant, or her brother and at least on one occasion by her mother alone. The defendant was absent from home on a business trip at the time of the accident. Before leaving home he had ordered of a merchant in Chester a fixture for his residence. He testified that his wife had authority to send for this fixture and to employ his daughter upon that errand. His wife had authority to use the automobile during his

absence and she ordered their daughter to take the automobile, go to the store of the merchant and bring home the fixture for the family residence, which the defendant had ordered. The daughter obeyed this command and accompanied by a young man, a friend of the defendant and a guest at his house, went upon the errand, during the performance of which the accident occurred. The defendant testified that before leaving home he had told his daughter that she must not drive the automobile unless he or his son was with her. The testimony of the daughter as to whether she had received such instructions from her father was by no means clear; one part of her testimony would have warranted a finding that she had not received such instructions. The car was being operated by the daughter not upon any errand of her own, but in and about the business of the defendant, her father, and in obedience to the order of her mother, who had the authority of the defendant to send her upon the errand. The court submitted to the jury the question whether the daughter of the defendant was operating the car with the authority and consent of the defendant and in and about his business. Under the evidence in this case, the court did not err in thus submitting the question of the defendant's responsibility for the manner in which his daughter operated the car: Moon v. Matthews, 227 Pa. 488; Hazzard v. Carstairs, 244 Pa. 122.

The third question which has been argued on behalf of appellant is that the evidence was insufficient to warrant a finding of negligence on the part of the daughter of the defendant in operating the car. This contention is entirely without merit. The evidence was certainly sufficient to warrant a finding that the car of the defendant approached the intersection of a busy street without giving warning, at a rate of speed which rendered it at least doubtful whether the operator could stop the car in case another vehicle entered upon the crossing, that the car of the defendant was turned into the busy cross street upon the left hand side thereof right in opposition

to the line of traffic upon that street, and that when danger threatened, instead of the car being stopped, it was first turned in one direction, then in another, and finally in a third direction, and that it struck the car in which the plaintiff was riding upon the side. This was not the case of the other car running into that of the defendant; nor of a head-on collision, but the car of the defendant ran into the side of the other car.

The judgment is affirmed.