FRANCIS P. GUILFOILE, ADMINISTRATOR, *vs.* FRED SMITH alias FRED SMELEFSKY.

Third Judicial District, Bridgeport, October Term, 1920.
WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, Js.

Upon an appeal from a judgment of nonsuit the appellant is entitled to have his evidence viewed in its most favorable aspect.

It is negligence for a passenger to ride in an automobile in a city street with his leg protruding from the car in such a way as to render it likely to come in contact with passing objects.

Guilfoile *v.* Smith.

The plaintiff's intestate, while riding as a passenger in a crowded auto-
mobile owned and driven by the defendant, sat in the lap of an-
other passenger, with his leg protruding over the side of the car.
The defendant negligently ran his car into a water-tank and the
intestate's leg was caught between the car and the tank dragging
him out and causing injuries from which he shortly died. The trial
court nonsuited the plaintiff because the proximate cause of the
decedent's injuries was his own negligence. *Held* that therein the
trial court erred: that whether the intestate's negligence was the
proximate cause of his death, depended upon all the circumstances
in the case, the determination of which was a question solely for
the jury.

Argued October 27th—decided November 10th, 1920.

ACTION to recover damages for personal injuries
resulting in the death of the plaintiff's intestate and
alleged to have been caused by the negligence of the
defendant, brought to the Superior Court in New Haven
County and tried to the jury before *Burpee, J.;* the
trial court nonsuited the plaintiff, and from the re-
fusal to set aside this judgment he appealed. *Error
and new trial ordered.*

*Frank P. McEvoy,* for the appellant (plaintiff).

*Joseph P. Tuttle,* for the appellee (defendant).

PER CURIAM. The trial court granted the motion
for a nonsuit because the plaintiff had failed to prove
that the death of the decedent was due to the accident,
and because the proximate cause of the decedent's
injuries was his own negligence.

Unless unworthy of credence, the trial court was
bound to regard the evidence introduced by the plain-
tiff in the aspect most favorable to his cause of action.
"It was enough if he had thus made out a prima facie
case, though it might in the opinion of the court be a
weak one." *Girard* v. *Grosvenordale Co.,* 83 Conn. 20,
25, 74 Atl. 1126. As we read the evidence the jury

might reasonably have found that the death of the decedent was due to an accident happening while the decedent was a passenger for hire in defendant's automobile, and at the time defendant ran his car into a stationary water-tank upon a city street through his negligent operation of the car. And further, the jury might reasonably have found that at the time of impact the car was damaged, and that the decedent, who sat upon the lap of a passenger with one leg protruding from the door of the car upon the side next the tank, had his leg caught between the car and the tank and was pulled from the car, squeezed in body and thrown to the ground, and as a consequence suffered injuries from which he shortly died.

A passenger riding in an automobile in the street of a populous community with one leg protruding from one of the doors of the car in such way as to make it liable to come in contact with passing objects, is negligent in conduct. The trial court, presumably, found that the decedent's leg did protrude so as to make it liable to come in contact with passing objects. And it must have assumed that the leg did protrude beyond the fender of the car. Of this there was no evidence. If the passenger, while riding with a part of his leg over the car door, be injured at the time of the collision of the car with some fixed or moving object in the highway caused by the negligent operation of the driver of the car, it does not follow that the proximate cause of the injury was due to the passenger's own negligence. The negligence of the passenger may have been the proximate cause of his injuries or it may not. It all depends upon the circumstances. Had not the leg protruded, the decedent would not in all probability have been injured; but his position was a condition, not necessarily the cause of the accident. *Hoyt* v. *New York, N. H. & H. R. Co.,* 78 Conn. 709,

713, 63 Atl. 393. The evidence must establish that the decedent's negligence was the proximate cause of his injuries, or recovery will not be barred for that reason. Whether the position of the decedent was a proximate cause of his injuries is a question of fact, dependent upon the ascertainment of the exact position of the decedent, upon the extent of the protrusion of the leg, whether beyond the fender or not, and upon the relation of his injuries to his position considered in connection with the surrounding circumstances.

There is error, the judgment is set aside and a new trial is ordered.