AUGUSTUS J. CONNOR, Respondent, *v.* WESTERN NEW YORK MOTOR LINES, INC., Appellant.

(Argued December 7, 1928; decided December 31, 1928.)

*Frank Gibbons* for appellant.   Section 30 of the General Highway Traffic Law furnished a rule of conduct for passengers in all vehicles. The plaintiff violated this law when he allowed his arm to protrude through the window a distance of four inches, and was, therefore, guilty of contributory negligence. (*Brown* v. *Shyne,* 242 N. Y. 176; *Martin* v. *Herzog,* 228 N. Y. 164; *Corbett* v. *Scott,* 243 N. Y. 66; *Mabs* v. *Park & Tilford,* 200 App. Div. 75; *Giminski* v. *Irving,* 210 App. Div. 343; *Morton* v. *Myer,* 218 App. Div. 216; *Dodikan* v. *Smith,* 221 App. Div. 383; *Clark* v. *Doolittle,* 205 App. Div. 697; *Sias* v. *Rochester Ry. Co.,* 18 App. Div. 506.)

*Bayard J. Stedman* for respondent.   The question of plaintiff's alleged contributory negligence was clearly one of fact and properly submitted to the jury, and their finding was justified by the evidence of the entire case and is conclusive. (*Tucker* v. *Buffalo Railway Co.,* 53 App. Div. 571; 169 N. Y. 589; *Francis* v. *N. Y. Steam R. R. Co.,* 114 N. Y. 380.)   The contention that the plaintiff was guilty of contributory negligence, as a matter of law, because of subdivision 1 of section 20 of the General Highway Traffic Law, cannot be sustained. (*Ward* v. *International R. R. Co.,* 206 N. Y. 8.)

CRANE, J.   Western New York Motor Lines, Inc., is a domestic corporation operating buses for the transportation of passengers in the city of Batavia, New York. On the 26th day of August, 1927, the plaintiff became a

passenger on one of the defendant's motor buses, intending to go to the grounds of the Genesee County Agricultural Society in the western part of the city. Having paid his fare upon entering the bus, he walked to the seat which ran across the rear of the car, and sat down on the right side by an open window. Being midsummer, the windows were open, no doubt for the comfort of the passengers. Taking his newspaper, the plaintiff began to read, leaning on the window sill, his arm projecting out some three or four inches. There was no screen or guard to the window. Through the negligent operation of the driver, the bus ran so close to the curbstone that the plaintiff's arm brushed against a trolley pole, inflicting injuries.

The questions of the defendant's negligence and the plaintiff's contributory negligence were left to the jury under a fair charge, in accordance with the rule laid down in a similar case (*Tucker* v. *Buffalo Railway Co.*, 53 App. Div. 571; affd., 169 N. Y. 589). In the Appellate Division and in this court, the defendant has sought the application in its behalf of section 20, subdivision 1, of the General Highway Traffic Law (Cons. Laws, ch. 70). This law was not referred to upon the trial, and the question has been raised for the first time on appeal. The position of the defendant is that its exception to the denial of the motion for a nonsuit raises this question, even though no point was made of it at the trial. Whether the defendant waived the benefit of this statute we will not discuss, but will assume that the motion raises the question. Under our ruling in *Martin* v. *Herzog* (228 N. Y. 164), the plaintiff was at least *prima facie* guilty of contributing negligence if the statute of this State prohibited him under penalty from extending any portion of his body outside a moving motor bus, and the statute was for his or the company's protection. We, therefore, come to the statute.

The General Highway Traffic Law, which became a

law on May 25, 1917, is chapter 655 of the Laws of 1917. Section 20, subdivision 1 provides:

" 1. No person shall ride upon the rear of any vehicle without the consent of the driver nor with any part of his body protruding, nor shall any person hang on to any street car or vehicle whatsoever."

Taking the subdivision as it reads in the light of other provisions, we have some strange results if we adopt the meaning given to it by the defendant. In the first place, the words " vehicle," and " street car," have a definition of their own furnished by the statute. " Vehicle " excludes " street car." The definitions are contained in section 2. " ' Vehicle ' shall include a horse and every kind of conveyance, except a baby carriage, a street surface car and a push cart." Therefore, the first part of this subdivision under discussion does not apply to a street surface car. Prohibiting any person to ride with any part of his body protruding, applies to vehicles other than street cars. The only part applicable to street cars is that which prohibits any person hanging on to them. The Legislature could not have intended that a person riding in a motor bus operated for hire, carrying passengers through the streets in the same way as do street surface cars, must not under penalty stick his elbow out the window, while he is free to do so without penalty, if riding in a street surface car.

Again, this section would be in conflict with section 13, applicable to signals, which requires a person operating a vehicle or automobile to extend his arm straight out at right angles to the car as a warning when stopping or decreasing speed, or in turning. No limit of time is placed upon this operation. Under such circumstances, a portion of his body is protruding within the wording of section 20, if the defendant be right in its construction.

Coming now to the actual phraseology of this section, the defendant in arriving at its meaning must eliminate the words, " upon the rear." The section says: " No

person shall ride upon the rear of any vehicle without the consent of the driver nor [shall ride upon the rear of any vehicle] with any part of his body protruding." By the ordinary rules of grammatical construction, this is what the clause means and is what the Legislature has said. We are not called upon, nor do we consider ourselves competent to extend these words to cover other situations. What is intended by this section is not very clear, but it is quite evident that it has no application to a person situated as was the plaintiff in this case, that is, to a passenger riding on a hot summer's day in a motor bus, who happens to extend his elbow a few inches over the window sill. The use of the words, "rear of any vehicle," "consent of the driver," and "hang on," as applicable to street cars, indicates that the provision does not apply to passengers for hire, rightfully and lawfully being transported through the streets.

*Ward* v. *International Ry. Co.* (206 N. Y. 83), referred to in both briefs, made no mention whatever of this section in the General Highway Traffic Law, and for the obvious reason that the case was decided in 1912, and the present General Highway Traffic Law was not passed until 1917.

As stated above, this section of the General Highway Traffic Law was not referred to on the trial. The trial judge had no opportunity to rule upon it, as no point was made that it applied to the facts of the case. Assuming, however, that the motion for a nonsuit impliedly embodied a reference to any general law which might be pertinent to the facts, without specifying it, nevertheless, there was no error in disregarding this section, as we hold it to be inapplicable to the plaintiff in this case.

The judgment below should be affirmed, with costs.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.