No. 31,469

JOHN FIKE, *Appellee*, v. PAUL HUGUENIN and L. B. HUGUENIN, *Appellants.*

(28 P. 2d 721.)

Opinion filed January 27, 1934.

Paul J. Wall, Carl I. Winsor, John E. Boyer, all of Wichita, and L. J. Bond, of El Dorado, for the appellants.

R. C. Woodward and C. Glenn Morris, both of El Dorado, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injuries. The jury answered special questions and returned a verdict for plaintiff for $3,000, upon which judgment was rendered. Defendants have appealed.

Appellants contend the court erred in overruling their demurrer to plaintiff's evidence. They also argue that their motion for judgment upon the evidence, notwithstanding the general verdict and the answers to special questions, should have been sustained; but since this ruling was proper, if the evidence should have gone to the jury, we need give this point no further attention.

As to whether the demurrer to the evidence should have been sustained, the facts may be stated as follows: Plaintiff was em-

ployed by Butler county on road work, and with other workmen was transported to and from work in a county bus. This bus was so constructed that two workmen could ride on the seat with the driver. Directly behind the driver there was a solid board partition, except for a small window. Back of this was the passenger compartment proper, arranged with one long seat on each side. On the morning of August 5, 1932, plaintiff and seven other workmen were being transported to work in this bus. They left El Dorado about 7:30 o'clock, driving north. Two of the workmen were riding on the seat with the driver, the others were in the passenger compartment of the bus. Plaintiff was sitting on the left side of the bus near the rear, facing to the northeast, with his elbow resting on the window sill in such a way that the elbow extended from two to three inches outside the window. The road was an improved graveled highway twenty-two feet from shoulder to shoulder, and the traveled portion nineteen feet wide, and it was thoroughly dry, except that the east shoulder was a little soft. The bus had crossed a ravine and started up a grade and was traveling about thirty miles per hour. Defendants, driving a truck with a live-stock bed, came over the hill from the north, about a quarter of a mile, at a speed of perhaps forty-five miles per hour, traveling near the center of the highway. The driver of the bus slowed a little and pulled to the right near the edge of the road. The bus was six feet nine inches wide at its widest place, which was at the window sills. These window sills were five inches wide and six feet five inches above the road. The truck bed was seven feet ten inches wide. Defendants did not drive to their right side of the highway, but continued near the center of it and so close that the truck bed struck plaintiff's elbow, causing him serious injury. The vehicles did not collide or strike each other.

It is clear from this statement that defendants were negligent in not driving to their own side of the road, but they argue that even if that be true plaintiff was negligent in riding in the bus seated in such a way that his arm was on the window sill with the elbow protruding as much as two or three inches beyond the side of the bus; hence, appellants argue that plaintiff was guilty of contributory negligence, which bars his recovery as a matter of law. Appellants cite the railway and street-railway cases in which passengers were injured by having their arms or heads outside of the windows and being struck by trolley poles, other trains or cars,

mail racks, bridges, or the like. This case is clearly distinguishable from those cases, for there the cars traveled on stationary tracks, and bridges, poles, mail racks and passing trains are essential to their operation. Appellants also cite the cases where the injured person was riding on the running board or fender of an automobile. In some of those cases plaintiff was held negligent as a matter of law, in others it was held that his negligence was a question for the jury. There is evidence in this case that it was not unusual for those who rode in the bus to sit in such a position that an arm or elbow rested on the window sill, even extended from the bus a few inches. While plaintiff was so seated that he could not see far ahead of him because of the board partition of the bus, he could see and know that the bus·was being driven near the right-hand side of the highway. He also knew that a vehicle approaching from the north should be using the west side of the highway, and if that were true there would be several feet between the vehicles as they passed. In that situation he was hardly called upon to anticipate that defendants would negligently drive their truck near the center of the highway rather than to the right-hand side. Under all the circumstances, we think the question of plaintiff's negligence was a fair question to submit to the jury. The jury found he was in the exercise of due care.

We find no error in the record, and the judgment of the court below is affirmed.

Hutchison, J., not sitting.