21 So.2d 240

#### CAPITOL MOTOR LINES, Inc., v. BILLINGSLEA.

2 Div. 203.

Supreme Court of Alabama.

Jan. 11, 1945.

Rehearing Denied March 8, 1945.

John S. Tilley, of Montgomery, and Mallory, Mallory & Reeves, of Selma, for appellant.

R. A. Malone, of Albany, Ga., and Pettus & Fuller, of Selma, for appellee.

SIMPSON, Justice.

Plaintiff, John S. Billingslea, recovered damages of defendant for injuries received while a passenger on a common carrier bus operated by defendant, Capitol Motor Lines, Inc., which prosecutes this appeal.

The facts are simple. Plaintiff was asleep on the bus in transit on U. S. Highway 80 between Selma and Uniontown, Alabama, with one or both feet either close to, in, or protruding from an open window, when the bus collided with another motor vehicle, resulting in his catalogued injuries, including the immediate loss of one foot and the comminution and later amputation of the other above the knee. Though some evidence tended to the contrary, there was testimony that before and

at the time of the accident one or both of his feet were some four or more inches outside an open window adjacent to his seat. So, in considering the correctness of the court's refusal of defendant's requested charges, we review the case on this latter hypothesis.

There was evidence tending to sustain the fact of initial negligence of the defendant in the operation of the bus and sufficient to take the case to the jury on this issue. We therefore forego discussion of this phase of the case.

The single question argued on this appeal is whether or not the plaintiff's described conduct was negligence as a matter of law, to be so declared by the court, and barring recovery for injuries suffered by the initial negligence of the defendant. The defendant so contended on trial and renews the argument here. This defense was presented by requested general affirmative charges and several special charges on the hypothesis that if plaintiff's foot or feet were protruding from the window, and but for this he would not have been injured, he could not recover.

Clearly, there was no error in the refusal of the general affirmative charges because of the tendency of other evidence that the plaintiff's feet were not outside of the window, but were forced out by the impact of the collision. There is a preponderance of authoritative pronouncement that under such circumstances the passenger's conduct cannot be declared negligence per se. 13 C.J.S., Carriers, § 797, p. 1578; 10 C.J. § 1510, p. 1139.

The primary inquiry, therefore, is whether or not the trial court properly refused the other requested charges, designed to withdraw the issue from the jury and have the court declare plaintiff's conduct negligent, on the hypothesis that if his foot or feet were on the outside of the window he could not recover.

Plaintiff argues that since he was asleep when the accident occurred the inquiry should turn upon his negligence, vel non, in assuming the position he did (with feet inside the bus) before being overcome by sleep. That is, whether he was negligent in assuming the posture he did, by the open window, and then in going to sleep.

There seems to be a paucity of authoritative discussion as to the relation of sleep to the doctrines of negligence, though some of the cases seem to concede that it constitutes contributory negligence for one in a position of peril to allow himself to become incapacitated by sleep from protecting himself from injury. Louisville & N. R. Co. v. Holland, 164 Ala. 73, 51 So. 365, 137 Am.St.Rep. 25; Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432, 44 A.L.R. 785–790.

But where no such peril reasonably appears, the question would be different. It was held in the Bushnell case that one cannot be chargeable with negligent conduct while asleep if he was not negligent in permitting himself to fall asleep. Our decision in Helton v. Alabama Midland R. Co., 97 Ala. 275, 284, 12 So. 276, was approvingly cited with the observation that: In such a case the question must be was the person negligent in permitting himself to fall asleep?

Also Corpus Juris states the principle, that "a person is not required to regulate his conduct with reference to facts of which he is justifiably ignorant. In order that one may be guilty of contributory negligence, it is essential that he act or fail to act with knowledge and appreciation, actual or imputed, of the danger of injury which his conduct involves." 45 C.J. 496, § 506. Note to this text cites Sprinkle v. St. Louis & S. F. R. Co., 215 Ala. 191, 110 So. 137, and Simmerman v. Hills Creek Coal Co., 170 Ala. 553, 54 So. 426.

Without doubt, then, the rule governing circumstances where the act of the plaintiff was done voluntarily or per incuriam, would not be the same as where it was done while asleep, unless he had been negligent in going to sleep. Helton and Bushnell Cases, supra.

The special charges requested ignored this elemental proposition and erroneously hypothesized a finding against the plaintiff under either aspect. Justification, therefore, for their refusal could well be sustained on this theory.

Deferring for the moment, however, to learned counsel's argument that the charges were erroneously refused, and being reluctant to dispose of the appeal on the above grounds alone because of the importance of the general principle involved, we will assume for discussion the rule to be the same under either circumstance and treat of the refusal of the charges on the basis contended for by the defendant, viz: that if plaintiff's foot or feet were outside the open window and this contributed proximately to his injury, he was guilty

of contributory negligence as a matter of law, barring his right to recover damages.

In a sense they are affirmative charges on that hypothesis and in reviewing the propriety of their refusal, we construe the evidence as to this in its most favorable aspect for the adverse party, the plaintiff. Ala. Dig., Appeal and Error, ☞927(7). Unless the evidence bearing upon this issue is entirely free of ·doubt or adverse inference this question must be submitted to the jury for decision, ·under proper instructions by the court. Briggs v. Birmingham, Ry., Light & Power Co., 188 Ala. 262, 269, 66 So. 95; 1 Sher. & Red., Neg., 6th Ed., Sec. 114, p. 283. Therefore, if the foot or feet, protruding from the window, was at all consistent with an absence of contributory negligence ·on any theory of the evidence, the charges were properly refused. On the other hand, if the evidence as to this, under aspects most favorable to the plaintiff, establishes beyond question contributory negligence, the charges should have been given—that is, on the assumed premise that the rule of negligence would be the same whether his act (protruding feet) was done voluntarily or while asleep.

Posing the question then on this premise: was it negligence per se if the plaintiff projected his feet beyond the window? That is subject to be considered in more than one aspect. How far were they or one of them out of the window? Was it four inches, six inches, or more? There is evidence that it might be either. Under such charges then, unless it would be negligence as a matter of law in either aspect, it cannot be said that the charges should have been given. Suppose we say it would have been negligence as a matter of law for the plaintiff to voluntarily or thoughtlessly stick his foot out eighteen inches, but would not be so if he stuck it out only four inches. Then such charges were properly refused under the rule of favor to the adverse party hereinabove referred to. We have no hesitancy in resolving the latter hypothesis in favor of the refusal of the charges and cannot place the ·court in error for such ruling. We are·not ·willing to hold that, if the plaintiff's foot or feet were protruding only four inches ·beyond the outer window ledge, though voluntarily done, it would be negligence as a matter of law.

It might be so found by the jury, ·under proper instructions as an inference of fact under all the circumstances apparent to him. But the requested charges do not hypothesize a finding by the jury of negligence so to do. And to sustain the charges we must hold, which we cannot, that under either of the alternative circumstances such conduct would be negligence as a matter of law. Since we cannot so hold, the special charges on this hypothesis were in our view properly refused, without an application of them to other aspects of the evidence.

We think this conclusion not only logical but supported by the weight of authority.

We keep steadily in mind the prevailing rule as to railroad cars, that it is negligence per se for a passenger to project a part of his body from the window of a railroad car while in motion and such negligence, contributing approximately to an injury received by collision with a passing object, bars a recovery for damages. 10 C.J. p. 1139, § 1510, 13 C.J.S., Carriers, § 797; Georgia Pacific R. Co. v. Underwood, 90 Ala. 49, 8 So. 116, 24 Am. St.Rep. 756.

But this stricter rule in cases of railroad cars has been relaxed as to street cars, the governing principle generally held as applicable being that for a passenger to protrude a part of his body from a street car is not negligence as a matter of law (Hutchinson on Carriers, 658a, p. 8785) but "is a question of fact depending on the circumstances of the case." 10 C.J. 1140, § 1510; 13 C.J.S., Carriers, p. 1578, § 797.

Reasons advanced in decisions for relaxing the rule in street car cases are various, but the logic of all is that the motive power in street cars is much more under control and the speed is less. 10 C.J. p. 1140, note 53; Miller v. St. Louis R. Co., 5 Mo. App. 471, 478.

Justification for a more lenient application of the principle as regards motor vehicles than either railroad or street cars impresses us as even more imperious because, as to the former, there is a wider space for travel on the roadbed and more mobility of action, thereby admitting of more maneuverability to avoid accidents than in either of the other vehicles. Interesting in this connection is the case of Fike v. Huguenin, 138 Kan. 866, 28 P.2d 721, where in voicing approval of this doctrine the distinction was noted that, as to railroad and street cars, they travel on "stationary tracks, and bridges, poles, mail

racks, and passing trains are essential to their operation." Analogous rationale indicative of the same distinction is found in Birmingham Electric Co. v. Turner, 241 Ala. 66, 69(5), 1 So.2d 299, 302(5).

While most of the reported cases deal with injuries suffered to the limb of a passenger while riding on railway or street cars, the weight of authority seems to be that as to automobiles the question of contributory negligence of the plaintiff is one of fact for the jury and not of law for the determination of the court. Selfe v. Fuller, 179 Va. 30, 18 S.E.2d 254, 256, and cited cases.

One authority states the positive rule: "A passenger riding in a motorbus with a limb or part of his body extending outside of the moving bus is not thereby negligent as a matter of law." Blashfield Cyc. of Automobile Law and Practice, § 2180, Vol. 4, p. 42; Connor v. Western N. Y. Motor Lines, 250 N.Y. 165, 164 N.E. 892; McCaffrey v. Lukens, 67 Pa.Super.Ct. 231. The case of Hadrick v. Burbank Cooperage Co., La.App., 177 So. 831, 833, is persuasive to the same results. "There can be no doubt, however, that it is not negligence (per se) for a passenger to permit a portion of an arm or a hand (or foot) to extend only a few inches beyond the side of the vehicle in which the passenger is riding." Hadrick v. Burbank Cooperage Co., supra.

Other supporting authorities are Webb v. Batten, 117 W.Va. 644, 187 S.E. 325, 326; Guilfoile v. Smith, 95 Conn. 442, 111 A. 593; Huddy Cyc. of Automobile Law, Vol. 4-5, § 139, p. 252; Hobbs-Western Co. v. Carmical, 192 Ark. 59, 91 S.W.2d 605, 607.

In principal there should be no distinction between a passenger of a motor vehicle allowing a part of his body to protrude from the moving car and a case where the occupant assumed any other position on the outside of the vehicle, and "it may generally be said not to be in itself and as a matter of law negligent for a passenger to ride on the running board of an automobile." Blashfield, supra, § 2433, p. 235. Basis for this text is Brasfield v. Hood, 221 Ala. 240, 128 So. 433. See also Huddy, Vol. 3-4, § 181, p. 347; Webb v. Batten, supra, 187 S.E. 325, at page 326; Keowen v. Amite Sand and Gravel Co., La.App., 4 So.2d 79; Smith v. Monroe Grocer Co., La.App., 179 So. 495; Albania v. Kovacevich, 44 Cal.App.2d 925, 113 P.2d 251.

In the light of the governing principles discussed, we do not think plaintiff's contributory negligence as a matter of law was established, to the exclusion of every other reasonable hypothesis, authorizing the withdrawal of the decision of this question from the jury. Considering all the attendant circumstances, and that, when plaintiff became a passenger of the bus, he was under protection of and could rely upon the legal presumption that the carrier would exercise "the highest degree of care and skill of which human foresight is capable" (3 Thomp., Neg., § 2973, p. 436) for his safe transport, we think it better to rest our conclusion upon the rule, usually prevailing, that such question was one of fact to be determined by the jury under appropriate instructions from the court.

So considered, the case stands affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.

On Rehearing.

Opinion modified and application overruled.

All Justices concur.