48 So.2d 170

FRIERSON v. GULF, MOBILE & OHIO R. CO.

6 Div. 738.

Supreme Court of Alabama.

Oct. 19, 1950.

F. F. Windham, of Tuscaloosa and D. G. Ewing, of Birmingham, for appellant.

Foster, Rice, Madison & Rosenfeld, of Tuscaloosa, for appellee.

SIMPSON, Justice.

Action for personal injuries received by appellant, a passenger in an automobile in collision with a switch engine of appellee, at a public grade crossing in the city of Tuscaloosa.

The appeal seeks to review the action of the trial court in giving for the defendant a directed verdict. No testimony was proffered by the defendant and on the conclusion of the plaintiff's case the court sustained the defendant's motion to exclude the evidence and directed a verdict in its favor. It is this ruling which is sought to be revised.

Briefly stated, the tendency of the plaintiff's evidence was: The accident occurred on the Tuscaloosa-Greensboro highway, between six and seven p. m., where appellee's tracks cross the highway at about right angles. The automobile was traveling at a rate of speed of between fifteen to twenty miles an hour on the right-hand side of the highway and collided with appellee's Diesel locomotive at about its center, as it was moving easterly across the highway. It was raining at the time and the night was dark and foggy. The automobile was equipped with proper headlights and windshield wiper, which was then operating, and the driver was looking straight ahead; yet no one in the car observed the engine until immediately before the impact, when

the driver, within five or six feet distant, observed it ahead and put on his brakes, but it was too late to avoid the collision. He was familiar with the crossing, but did not stop before approaching it, although there is no evidence that he knew he was at the exact place of the crossing when he saw the engine. He had stopped at the A. G. S. Railroad crossing some 75 or 100 yards behind. The plaintiff occupied the front seat of the automobile, had no interest in or control over it or its operation. He was merely a guest in the car.

We gather from the record that the ruling below in giving a directed verdict for the defendant was predicated on the theory that such cases as St. Louis-San Francisco R. Co. v. Guthrie, 216 Ala. 613, 114 So. 215, and Southern Ry. Co. v. Lambert, 230 Ala. 162, 160 So. 262, were governing. These cases hold to the general effect that where there are no special conditions of hazard or no peculiar environment to require as warning to travelers on the highway more than the presence of a railroad car athwart the crossing, there is no negligence on the part of the railroad company in thus blocking the highway; and if a motorist without stopping, looking, and listening, as the law requires, runs into the train, his negligence will be held to be the sole proximate cause of the collision and resulting damage, precluding recovery as for initial negligence against the railroad company by both passenger and driver.

But as we view the evidence, that is not this case and these authorities are without controlling effect here to take the issue of negligence, vel non, of the defendant away from the jury. The case in hand is not one where a railroad train was blocking the highway, but rather presents a case where a train entered the crossing about the same time a motor vehicle was approaching it. In such a case, other questions arise and other principles inhere to govern decision.

Section 170, Title 48, Code 1940, imposed the duty on the switch engine crew in charge of its operation to blow the whistle or ring the bell for at least a quarter of a mile before reaching the crossing and to continue to do so at intervals until the locomotive had passed the crossing.

And § 173, said title, places on the railroad company the burden of proof of showing a compliance with the requirement of the above section when a person is injured by such locomotive and that there was no negligence on the part of the company or its agents in that regard; and makes the railroad company liable for all damages proximately resulting from a failure to comply with such requirement.

■ There was no evidence that the defendant complied with the prescriptions of said § 170, supra, and in the absence of proof to the contrary, which was the defendant's burden, its negligence will be presumed in noncompliance. Atlantic Coast Line R. Co. v. Flowers, 241 Ala. 446, 3 So. 2d 21.

■■ The negligence of the driver of the motor vehicle was not imputable to the plaintiff and, no negligence of his own being shown to intervene as a proximate cause, he was due to recover if under any reasonable aspect of the evidence the inference arises that this negligence of the defendant proximately contributed to his injuries. Birmingham Electric Co. v. Turner, 241 Ala. 66, 1 So.2d 299; Roberts v. Louisville & N. R. R. Co., 237 Ala. 267, 186 So. 457; Southern Ry. Co. v. Lambert, supra.

■ In resolving the question the evidence is, of course, to be reviewed in its most favorable light for the plaintiff and strictly against the defendant, and if a reasonable inference arises to substantiate the claimed culpability of the defendant, to give defendant the directed verdict was error. Cannon v. Louisville & N. R. Co., 252 Ala. 571, 42 So.2d 340; Capitol Motor Lines v. Billingslea, 246 Ala. 501, 21 So.2d 240, 157 A.L.R. 1207.

■ So viewing the case, we think the jury could have drawn the inference that had a proper signal been given as the engine approached the crossing the driver of the automobile, regardless of his own negligence, would have been sufficiently warned of the approaching locomotive in time to

stop and avert the accident and thereby save the plaintiff from injury and that, on the other hand, no warning was given and the locomotive, wtihout following the prescriptions of the statute in giving such signals, suddenly entered the crossing as the plaintiff's automobile approached, when the driver was looking straight ahead and could have seen had he engine been equipped with proper lights and would have been notified of its approach had the proper signal been given.

We accordingly entertain the view that the trial court erroneously withdrew decision of the case from the jury.

Reversed and remanded.

BROWN, LIVINGSTON, and STAKELY, JJ., concur.